NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY BOUDER, BRIAN C. KENNEDY and CAROL KENNEDY, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),<br><br>    Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-4359 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon motion by Defendants Prudential Financial, Inc. and The Prudential Insurance Company of America (collectively "Defendants") to require Plaintiffs to cease and desist from their attempted notice and mass communications to putative plaintiffs. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to require Plaintiffs to cease and desist from their attempted notice and mass communications to putative plaintiffs is **granted**.

**I.      BACKGROUND**[1]

The Complaint, filed by Plaintiffs on September 15, 2006, purports to bring a class action on behalf of Plaintiffs and other individuals who are not parties to this action, from September 15, 2000 through the present, seeking to recover damages, *inter alia*, for alleged failure to pay overtime and unlawful deductions from pay, in violation of the Fair Labor Standards Act ("FLSA") and Pennsylvania state law. Defendants deny Plaintiffs' substantive allegations.

On February 20, 2007, Magistrate Judge Mark Falk entered a scheduling order, as modified on May 23 and July 1, 2007, providing that (1) discovery with respect to conditional certification of Plaintiffs' FLSA claims shall be completed by August 31, 2007; (2) motions for conditional certification to facilitate notice to putative class members pursuant to 29 U.S.C. § 216(b) of the FLSA (and other motions) shall be filed by September 15, 2007; and (3) opposition briefs and reply briefs shall be filed by October 17 and October 31, 2007, respectively ("Scheduling Order").

To date, Plaintiffs have not filed a motion seeking conditional class certification to facilitate notice to putative class members. Therefore, the first phase of discovery for the FLSA claims has not been completed. Nevertheless, on July 24, 2007, Plaintiffs' counsel informed Defendants' counsel that it intended to send a letter and "Consent To Sue" form to putative class members prior to the Court ruling on Plaintiffs' motion for conditional certification and application for notice to putative class members, as required by 29 U.S.C. § 216(b) of the FLSA and Scheduling Order.

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

**II.     DISCUSSION**

Notwithstanding the Court Order, this Court recognizes the low standard required for conditional certification for purposes of notice. At the notice stage, the court "usually has only minimal evidence before it" and thus, "determination is made using a fairly lenient standard." See Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d at 497 (quoting Thiessen v. Gen. Elec. Capital Corp., 996 F.Supp. 1071, 1080 (D. Kan. 1998)). Further, this Court recognizes Plaintiffs' counsel's right to solicit potential clients. See Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989). Nevertheless, Plaintiffs' must abide by the appropriate court procedures.

Plaintiffs' counsel's proposed letter ("Letter") usurps this Court's power and statutory duty to oversee the FLSA-mandated process for court-facilitated notice to potential collective action members, including the fair content of such notice. More fundamentally, it preempts this Court's ability to determine whether and to whom class-wide notice is appropriate. See Hoffmann-La Roche, Inc., 493 U.S. at 169. With this mass communication, Plaintiffs are flouting the statutory framework for opt-in collective actions, the Scheduling Order and this Court's authority to oversee notice to the putative class. Therefore, the letter is essentially an improper and unauthorized *de facto* notice.

The Supreme Court of the United States has made clear that a district court has a managerial responsibility to oversee the process by which putative class members are given notice of, and allowed to join, a § 216(b) collective action. See Hoffmann-La Roche, 493 U.S. at 169. Court supervision of any notice issued to putative class members is necessary in an FLSA collective action because "the potential for misuse of the class device, as by misleading communications, may be countered by court-authorized notice." Id. at 171. The Court also

emphasized the "wisdom and necessity for early judicial intervention in the management of litigation" as "[o]ne of the most significant insights that skilled trial judges have gained." Id. The Court noted that, "[b]y monitoring preparation and distribution of the notice, a court can ensure that the notice is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." Id. at 172.

Outside the context of a notice process supervised by the Court, plaintiffs' attorneys are not permitted unilaterally to send unsolicited notices regarding the case to putative FLSA class members not yet parties to an action conditionally certified by the Court. See, e.g., Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982); Melendez Cintron, *et al.* v. Hershey P.R., Inc., 363 F. Supp. 2d 10, 17-18 (D.P.R. 2005); Taylor v. CompUSA, Inc., Civ. Action No. 04-CV-0718, 2004 WL 1660939, at *3 (N.D. Ga. June 29, 2004).

Moreover, before an individual plaintiff may give notice to other potential class members of their right to opt-in as a party to an FLSA lawsuit, the district court has the discretionary authority whether to approve the notification of the putative class members. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218-19 (11th Cir. 2001); Reab v. Electronic Arts, Inc., 214 F.R.D. 623, 630-31 (D. Colo. 2002). Here, Plaintiffs have neither sought, nor received this Court's permission to proceed as a collective action and begin notice pursuant to § 216(b). Plaintiffs' counsel, therefore, should be prohibited from sending their letter to putative plaintiffs and required to seek the Court's approval, pursuant to a proper motion to facilitate notice consistent with the Court's Scheduling Order, before attempting to notify putative plaintiffs of this case.

Further, Plaintiffs' counsel's solicitation to putative class members is improper because it is deceptive, misleading and contains numerous false statements. Courts have consistently held that litigants (and their counsel) may not make pre-certification statements to putative class members that are inaccurate or misleading or that present one-sided assertions as undisputed or unqualifiedly true. See, e.g., Taylor, 2004 WL 1660939, at *3; Gerlach v. Wells Fargo & Co., Civ. Action No. 05-CV-0585, 2006 WL 824652, at *4 (N.D. Cal. Mar. 28, 2006); see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 (1981); In re Community Bank of N. Va., 418 F.3d 277, 311 (3d Cir. 2005).

Plaintiffs' counsel seeks to send the Letter and consent form to "all registered representatives," regardless of the title or position the individual held while employed by Defendants. Plaintiffs have not established that the various positions that fall under the category of "registered representatives" are similarly situated to their positions, that the positions are similarly situated to one another, or that the employees who occupied the positions are similarly situated to each other or to the named Plaintiffs. Conversely, Defendants contend that many of the positions included in Plaintiffs' putative class of "all registered representatives" are materially different from, and have a conflict of interest with, each other and with the named representatives who purport to represent their class. As a result, these positions are not properly joined together as positions eligible to join the lawsuit. See, e.g., Threatt v. Residential CFR, Inc., Civil Action No. 05-CV-117, 2005 WL 2454164, at *4 (N.D. Ind. Oct. 4, 2005). Accordingly, Plaintiffs' counsel's Letter is misleading to the extent it suggests to putative class members that they are eligible to participate in this lawsuit collectively. See Taylor, 2004 WL

1660939, at *3.

### III.    CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to require Plaintiffs to cease and desist from their attempted notice and mass communications to putative plaintiffs is **granted**.  An appropriate Order accompanies this Opinion.


                                                S/ Dennis M. Cavanaugh
                                                Dennis M. Cavanaugh, U.S.D.J.

Date:       November 8, 2007
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File