NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEFFREY BOUDER, BRIAN C. KENNEDY and CAROL KENNEDY, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),<br><br>　　　　　Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-4359 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

　　　This matter comes before the Court upon motion by Plaintiff Jeffery Bouder ("Plaintiff") to conditionally certify collective action and facilitate notice pursuant to 29 U.S.C. §216(b). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion to conditionally certify and to facilitate notice is **granted**.

I. **BACKGROUND**

    A.    Factual History

Prudential Financial, Inc. and Prudential Insurance Co. of America (collectively, "Defendants") employ insurance agents to gather client information and sell Defendants' line of financial products, including life insurance and annuities. As of November 2006, the potential Federal Class consisted of approximately 306 Prudential Representatives, 414 Financial Services Associates ("FSAs") and 2071 statutory agents nationwide (collectively "registered representatives"). (Defs.' Br., at 7.) After 1999, Defendants ceased offering Prudential Representative positions and phased them out through retirement, termination or transition to a Statutory Agent agreement. As a consequence of the phase-out, as of January 1, 2007, only twelve Prudential Representatives remained in Defendants' workforce nationwide.

Plaintiff was employed by Defendants for over twenty years as a Prudential Representative, engaged in the sale of Defendants' products. Plaintiff signed an "Agent's Agreement" with Defendants to become a Prudential Representative and worked for Defendants until his resignation on February 27, 2004. Plaintiff argues that all NASD registered salespersons, including Prudential Representatives, Statutory Agents, Financial Services Associates (FSAs), Senior Life Representatives and Career Specialist Agents who worked more than forty hours per week constitute the Federal Class and should be given notice concerning the current litigation.[1] (Pl.'s Br. 1.) Although Defendants provide no written description of the job duties of registered representatives, Plaintiff alleges that all registered representatives perform the

---

[1] Plaintiffs have amended the proposed Federal Class to not include FSAs covered under the Prudential Financial Services Training Agreement since such trainees are not engaged in the sale of Defendants' products and services. (Pl.'s Reply Br., at 6.)

same duties and responsibilities, work for Defendants' "captive" sales force and are subject to Defendants' policy of denying overtime pay.  (See id. at 2.)

Plaintiff testified that he worked between fifty-five and seventy hours per week during his employment as a Prudential Representative. (Id. at 14.)  Plaintiff states that he arrived at his office at approximately 7:00 a.m. and did not leave until 5:00 p.m., after which time he would sometimes hold appointments with clients.  (Id. at 14.)  Plaintiff claims that it was necessary for him and all other registered representatives to work similar hours in excess of forty hours per week in order to meet the production levels set by Defendants for their contract continuation. (Id. at 15.)

    B.    Procedural History

On September 15, 2006, Plaintiff filed a class action Complaint on behalf of himself and others similarly situated against Defendants.[2]  Plaintiff alleges that Defendants failed to pay overtime payment to him and all similarly situated "registered representatives," employed by Defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207, *et seq.*, Pennsylvania Wage Payment and Collection Law, 43 P.S. §§260.1, *et seq.* and the Pennsylvania Minimum Wage Act, 43 P.S. §§333.101, *et seq.*.  Specifically, Plaintiff alleges that all registered representatives were paid on a commission basis without premium pay for all hours worked in excess of forty hours per week.  (Complaint ¶ 17.)  Further, Plaintiff alleges that Defendants misclassified registered representatives as exempt from overtime payment under the FLSA and applicable Pennsylvania law.

---

[2] Plaintiffs Brian C. Kennedy and Carol Kennedy did not join Plaintiff Jeffery Bouder in the present motion to conditionally certify and facilitate notice.

On February 20, 2007, Magistrate Judge Mark Falk entered a scheduling order providing, *inter alia*, that Plaintiff file a motion for conditional certification to facilitate notice to putative class members pursuant to 29 U.S.C. §216(b) no later than September 15, 2007.  See Bouder v. Prudential Fin., Inc., No. 06-4359, 2007 WL 3396303 at *1 (D.N.J. Nov. 8, 2007).  After Plaintiff attempted to send a "Consent to Sue" letter to potential class members, this Court granted Defendants' cease and desist order dated November 8, 2007.  See id. at *3.  On November 9, 2007, Plaintiff filed a motion to conditionally certify collective action and facilitate notice of pendency and consent to join.

**II.   STANDARD OF REVIEW**

With certain exceptions, the FLSA guarantees workers compensation at the rate of one and one-half times the regular rate at which they are employed for their employment in excess of forty hours during a work week.  See 29 U.S.C. §207(2).  Section 216(b) provides a private right of action to recover overtime compensation as provided in §207.  Class actions under the FLSA are governed by §216(b) which provides, in pertinent part:

> An action to recover. . . may be maintained against any employer. . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought

This type of collective action allows potential plaintiffs, who are similarly situated to the named plaintiff, to consent to opt-in to the case.  See  Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000).  District courts have discretion in prescribing the terms of notice of communication from the named plaintiffs to potential class members on whose

behalf the action was filed.  See Hoffman La-Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989).  In order for a collective action to proceed under §216(b): (1) named plaintiffs must show that potential class members are "similarly situated" and (2) members must affirmatively opt-in.  See Armstrong v. Weichert Realtors, No. 05-3120, 2006 U.S. Dist. Lexis 31351 at *1 (D.N.J. May 19, 2006).

Although the FLSA does not define "similarly situated," courts in the United States Court of Appeals for the Third Circuit employ a two-step approach.  First, normally at the notice stage, the court determines whether potential class members are similarly situated and should be given notice of the action.  See Herring v. Hewitt Assocs., Inc., No. 06-267, 2007 WL 2121693 at *3 (D.N.J. July 27, 2007) (citing Morisky 111 F. Supp. 2d at 497).   At this stage, the court usually only has evidence before it in the form of pleadings and affidavits, so the court uses a fairly lenient standard to determine whether potential collective action members are similarly situated and the court's determination "typically results in conditional certification of a representative class."  Id.  Plaintiffs must show a "factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'"  Herring, 2007 WL 2121693 at *5 (citing Aquilino v. The Home Depot, Inc., No. 04-4100, 2006 U.S. Dist. LEXIS 66084, at *5 (D.N.J. Sept. 6, 2006)).  As in this case, the court may allow for discovery on the issue of conditional class certification.  See e.g., id. at *4; Morisky, 111 F. Supp. 2d at 497.  Furthermore, the merits of the plaintiff's claim need not be evaluated and discovery need not be completed in order for such notice to be granted and disseminated.  See id., at *5 (citing Aquilino, 2006 U.S. Dist. Lexis 66084 at *5).  Even if the Court

conditionally certifies and provides notice to potential plaintiffs, "there is nothing to prevent a court from 'modifying or reversing a decision on 'similar situations' at a later time in the action, as new facts emerge.'" Id., at *4 (citing Sperling v. Hoffman-LaRoche, 118 F.R.D. 392, 407 (D.N.J. 1988).

Second, after the court has more evidence and is ready for trial, it will apply a stricter standard. See Morisky, 111 F. Supp. 2d at 497. If the court finds that the plaintiffs are similarly situated, it will make a final decision to proceed as a class action. See id.

### III.   DISCUSSION

    A.    Similarly Situated Class

At the first stage of the analysis under §216(b), the plaintiff bears the burden of showing that he is similarly situated to the purported members of the class. See Herring, 2007 WL 2121693 at *5 (citing Morinsky, 111 F. Supp. 2d at 496). Here, the Court must determine whether Plaintiff is similarly situated to registered representatives employed by Defendants. Plaintiff argues that registered representatives' job duties and responsibilities are uniform as are their basic terms and conditions of work. Plaintiff describes all agents as "captive" agents who work full-time for Prudential and are generally forbidden from selling other companies' products. Plaintiff argues that all registered representatives receive the same commission rates for selling Defendants' products and Defendants misclassify all registered representatives as exempt from overtime payments. (Id. at 12.) Additionally, Plaintiff cites similar training, "employee-type" benefits, bonus plans and compliance requirements to argue that registered representatives are similarly situated.

6

Defendants on the other hand, argue that Prudential agents are correctly classified as exempt "outside salespersons" who are not entitled to overtime payment under 29 C.F.R. §541.500(a)(1).  Further, Defendants argue that the putative class is not similarly situated because of differences between the various forms of contract of different types of agents. Specifically, Defendants assert that Statutory Agents and FSAs differ from Prudential Representatives in several material respects. (Defs.' Brief, at 24.)  Finally, Defendants argue that Plaintiff himself is not similarly situated to the purported class and lacks personal knowledge about the diverse businesses of the agents he purports to represent. (Defs.' Br., 1-2..)

Plaintiff argues that FSAs are similarly situated to all other registered representatives such as himself.  FSAs are employees trained by Defendants for two years and who receive "commission-like" support payments for their sales performance.  Defendants argue that Plaintiff cannot represent FSAs since they are different from other agents and Plaintiff has no knowledge of the FSA program. (Def's Br., 24.)  To distinguish FSAs from Prudential Representatives, Defendant cites various factors, including terms and conditions of employment, lack of union representation and a union contract, reporting and pay structure and training commensurate with the FSA's experience. (Def's Br., 24-25).  Plaintiff responds that following their initial ten-week "pre-production" phase in which they receive support payments regardless of sales performance, FSAs, like Prudential Representatives and Statutory Agents, perform the same duties and responsibilities, are paid based on their performance and will be terminated for failing to meet certain performance standards. (Pl.'s Reply Br., at 7.)

Plaintiff also argues that Statutory Agents are similarly situated.  Defendants argue that Plaintiff is not similarly situated to Statutory Agents and cannot represent them, particularly since their interests are in conflict with his own.  Specifically, Defendants cite tax benefits which Statutory Agents receive that Prudential Representatives do not.  Defendants argue that the Plaintiff's interests are in conflict with the Statutory Agents' interests in maintaining these tax benefits since they might lose these benefits if they are considered "employees" entitled to overtime compensation under the FLSA.  Defendants also cite differences in the terms of employment, namely, that Prudential Representatives were covered under a collective bargaining agreement whereby they could grieve and arbitrate breaches of their contract were covered under the National Labor Relations Act while statutory agents were not.  Plaintiff counters this by arguing that nothing in the Internal Revenue Code prevents a statutory agent who derives specific tax benefits from deriving the same benefits as an "employee" under the FLSA.  (Pl.'s Reply Br., 4.)  Plaintiff also argues that the differences in form of contract between Prudential Representatives and Statutory Agents are misplaced since the terms, conditions, duties and responsibilities of work for all registered representatives are indistinguishable.  (Pl.'s Br., 2-3.)  Plaintiff correctly indicates that the differences in form of contract between Prudential Representatives and statutory agents are *de minimis* because the terms, conditions, duties and responsibilities of work for all registered representatives are largely indistinguishable.  (Pl's Br., 2-3.)

Finally, Defendants argue that determining whether potential plaintiffs are similarly situated would require a fact-specific, highly individualized inquiry inappropriate for collective

8

action. (Def's Br., 27.) Defendant argues that determining whether an employee falls under the "outside sales" exemption requires an inquiry into each individual agent, each of whom has a different business. (Defs.' Br., 27-28.) Defendant also argues that proof of damages will require an individualized inquiry since agents "regulate their own hours," sell different products and earn different amounts.

      The Court finds that Plaintiff has met his burden of proving he is similarly situated to registered representatives at this stage of the proceeding. Specifically, Plaintiff has adequately proven that the job duties and responsibilities of Prudential Representatives, FSAs and Statutory Agents are similar and that Defendant denies all registered representatives overtime compensation. Plaintiff has shown that FSAs perform the same work and receive payments based on the performance. Plaintiff also points to testimony Angela Verrios, director of Agency Compensation, who stated that there is no significant difference in the work performed by Prudential Representatives and Statutory Agents. To further lend support that they are similarly situated, Plaintiff shows that Defendants offered Statutory Agent contracts to eligible Prudential Candidates when Defendants phased-out Prudential Representatives. In sum, Plaintiff has shown that, irrespective of tax status or form of contract, all registered representatives work side-by-side, without distinguishing job descriptions, are recruited on the same qualifications and offered the same training opportunities, are paid the same commissions or "commission-like" bonuses and work unmonitored hours and receive no overtime pay for hours worked over forty hours per week. (Pl.'s Reply Br., at 3.) Plaintiff is not required to show that he is substantially similar to potential plaintiffs, only that he is similarly situated to the potential class members. Hewitt, 2007

WL 2121693 at *6.  Therefore, Plaintiff has made a sufficient showing and has demonstrated the factual nexus between his situation and the situation of other registered representatives working for Defendants.

Defendants claim that this case is not appropriate for conditional class certification under §216(b).  Defendants primarily argue that registered representatives are exempt under the FLSA as "outside salespersons."  (Defs.' Br. at 13 (citing Morisky, 111 F. Supp. 2d 498)).   Defendants also argue that determining which employees are exempt outside salespersons would require a highly individualized and fact-intensive inquiry into the business practice of each individual plaintiff.  (Defs.' Br., at 27.)  Since Plaintiff has made an adequate showing that registered representatives are similarly situated, it is unnecessary to consider the merits of Defendants' argument that registered representatives are exempt "outside salespersons."  See Herring, 2007 WL 2121693 at *8 (citing Goldman v. Radio Shack, No. 03-032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003)); Gerlach v. Wells Fargo & Co., No. 05-585, 2006 WL 824652 (N.D. Cal. March 28, 2006).

B.      Extension of the Statute of Limitations for Wilful Violation of the FLSA

Plaintiff argues that the statute of limitations should be extended from two years to three years because Defendants' violation of the FLSA was wilful.  (Pl.'s Br., at 28.)  Defendants argue that the Plaintiff is unrepresentative of other potential plaintiffs because, even if the statute of limitations is tolled for Plaintiff's claim, his claims will not overlap with those of other potential plaintiffs.  According to Defendant, courts take into account the fact that the named plaintiffs' claims do not overlap with potential plaintiffs [when denying conditional certification].  (Defs.'

10

Br., at 22 (citing Reed v. Mobile County Sch. Sys., 246 F. Supp. 2d 1227, 1232 (S.D.Ala. 2003)). Willfulness is an issue of fact that must be determined on the merits. See Herring, 2007 WL 2121693 at *8. The Court need only address whether the parties are similarly situated at this stage of the proceeding. Id. In the interest of reaching all potential opt-in plaintiffs, notice should extend back to three years prior to this Court's opinion.

      C.     Production of Names and Contact Information of Potential Opt-In Plaintiffs

Plaintiff requests for this Court to order Defendants to produce within ten days a computer-readable file containing the names, last known mailing addresses, telephone numbers, dates of birth, last four digits of Social Security Numbers, employee dates of employment and location of employment of class members who worked more than forty hours at any time since September 15, 2003. Defendants do not disagree with the information about potential opt-in plaintiffs that Plaintiff has requested. Therefore, this Court will orders the production of the above information within ten days of this Opinion and Order.

      D.     Proposed Form of Notice

The parties disagree on the proposed form of notice submitted by Plaintiff. Specifically, Defendants' argue that the Plaintiff's proposed notice contains factual inaccuracies and misleading statements, so Defendants argue that the parties need to negotiate a form of notice. This Court should supervise notice to potential class members. Courts have discretion to supervise notice under 216(b) collective actions since "the potential for misuse of a class device . . . may be countered by court-authorized notice." Hoffman, 493 U.S. 170-71. Therefore, the parties are instructed to engage

11

in substantive negotiations and provide this Court with an agreed upon proposed form of notice to potential opt-in plaintiffs within fifteen (15) days of the date of this Opinion and Order.

**IV.  CONCLUSION**

For the reasons stated, it is the finding of the Court that Plaintiff's motion to conditionally certify collective action and to facilitate notice under §216(b) is **granted**.  An appropriate Order accompanies this Opinion.

                                                 Dennis M. Cavanaugh
                                                 Dennis M. Cavanaugh, U.S.D.J.

Date:       March 27, 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File