LOVELL STEWART HALEBIAN LLP
John Halebian
jhalebian@lshllp.com
Adam C. Mayes
amayes@lshllp.com
Midtown Office
317 Madison Avenue, 21st Floor
New York, NY 10017
Tel:    (212) 500-5010
Fax:    (212) 208-6806

JAMES V. BASHIAN
jbashian@bashianlaw.com
LAW OFFICES OF JAMES V. BASHIAN, P.C.
70 Adams Street, 4th Floor
Hoboken, NJ 07030
Tel:    (973) 227-6330
Fax:    (973) 488-3330

Attorneys for Plaintiffs
[Additional Attorneys follow signature page]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY BOUDER, JOHN COSTA, CHRISTINE MUSTHALER, STEVEN SONG, DAVID UCHANSKY, ALAN SCOTT RUDO, RYAN HOLMES, TIMOTHY MUNSON, PETER SHAW, KELLY GALLANT, GERARD ROUSSEAU, CHRISTOPHER BRIGGS, JOSEPH GAWRON, SANDRA KING, JULIE SULLIVAN, MICHELE OTTEN, VINCENT CAMISSA, EDWARD LENNON, GORAN OYDANICH, ROBERT PAVENTI, ALEX TEJADA, JULIA STALLA, MICHAEL TODD HINCHLIFFE, JASON PERSINGER and TRACY CHOSA, on behalf of themselves, the general public, and all others similarly situated, | Civil Action No. 06-04359 (DMC) (MF)  **SECOND CONSOLIDATED AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**  **Jury Trial Demanded** |
| Plaintiffs, | Electronically Filed |
| vs. | |
| PRUDENTIAL FINANCIAL, INC., PRUDENTIAL INSURANCE CO. OF AMERICA, DOES 1-50 (said names being | |

fictitious individuals), and ABC
CORPORATIONS 1-50 (said names
being fictitious companies, partnerships,
joint ventures and/or corporations),

Defendants.

JIM WANG, individually and on behalf of all
others similarly situated,

Plaintiff,

vs.

PRUDENTIAL FINANCIAL, INC.,
PRUDENTIAL INSURANCE CO. OF
AMERICA, DOES,

Defendants.

1.      Plaintiffs, Jeffrey Bouder, who resides at 17 South High Street, 7 Newville PA 17241; Jim Wang, who resides at 836 E. Santa Ynez Street, San Gabriel, CA 91775; John Costa, who resides at 9123 North Arena Pacifica Drive, Long Beach, CA 90803; Christine Musthaler, who resides at 27881 La Paz Road, Laguna Niguel, CA 92677; Steven Song, who resides at 1717 East Birch Street, Apt. # II 202, Brea, CA 92821; David Uchansky, who resides at 1355 North Sierra Bonita Avenue, #202, Hollywood, CA 90046; Alan Scott Rudo, who resides at HCR 1-5516, 15-1420 15th Street, Keaau, HI 96749; Ryan Holmes, who resides at 504 Thomas Ave, Forest Park, IL 60130-1968; Timothy Munson, who resides at 5217 12th Ave, Moline, IL 61265-2849; Peter Shaw, 1136 East Madison Street, South Bend, IN 46617; Kelly Gallant, who resides at 117 Calais Street, Nashua, NH 03060; Gerard Rousseau, whose address is 169 Washington Street, Apt. 311, Fairhaven, MA, 02719; Christopher Briggs, who resides at 2955 Avery Road, St. Johns, MI 48879; Joseph Gawron, who resides at 2285 Monica Lane, Muskegon, MI 49442; Sandra King, who resides at 16 Toler Drive, Fredericktown, MO 63645;

Julie Sullivan, who resides at 1113 Calico Avenue, Billings, MT 59105; Michele Otten, who resides at 9636 Rolling Rock Way, Reno, NV 89251; Vincent Camissa, who resides at 6 Gertz Avenue, Little Ferry, NJ 07643; Edward Lennon, who resides at 7 Whitman Ridge Drive, Melville, NY 11747; Goran Oydanich, who resides at 595 Main Street, Apt. 806, New York, NY 10044; Robert Paventi, who resides at 68 Gary Place, Staten Island, NY 10314; Alex Tejada, who resides at 38 Pamela Road, Brentwood, NY 11717; Julia Stalla, who resides at 4861 North Barton Road, North Ridgeville, OH 44039; Michael Todd Hinchliffe, who resides at 8006 SE 30th Avenue, Portland, Oregon 97202; Jason Persinger, who resides at 402 14th Street, Apt.3, Huntington Beach, CA 92648; and Tracy Chosa, who resides at 2512 Northwest 47th Avenue, Camas, WA 98603 (collectively "Plaintiffs" or "Class Representatives"), by and through their attorneys, for their Consolidated Amended Collective and Class Action Complaint, make the following allegations upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, against defendants Prudential Financial, Inc., Prudential Insurance Co. of America, both of whose principal place of business is at 751 Broad Street, Newark, NJ 07102 (collectively "Prudential" or "the Prudential defendants," which terms include Prudential's predecessors and/or subsidiaries), Does 1-50 and ABC Corporations 1-50 (collectively, including Prudential, "Defendants").

## NATURE OF THE ACTION

2.     Plaintiffs bring this lawsuit as a collective action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and as a class action pursuant to Fed.R.Civ.P. 23 on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the FLSA, and of the Labor Laws of the States of California, Hawaii, Illinois, Indiana, Massachusetts, Michigan, Missouri, Montana, Nevada,

New Jersey, New York, Ohio, Oregon, Pennsylvania, and Washington, and as a result of other wrongful conduct and improper labor practices committed by Defendants.

3.      Prudential misclassified Plaintiffs when it wrongfully chose to treat them as exempt from the protection of these laws.   Plaintiffs are current or former registered representatives whose primary duty for Prudential was to service Prudential's business and advise clients on various insurance and financial products, taking into account the registered representative's knowledge of the needs, goals and risk tolerance of each client, as well as the registered representative's knowledge of and experience with the insurance industry and market. These predominant advisory obligations starkly contrast with the duties of a sales person, *e.g.,* a car dealer or a store clerk, and for this reason (among others), Plaintiffs do not fall within the "outside sales" exemption to the federal and state labor laws.  Nor do Plaintiffs fall within any of the so-called "white-collar" exemptions, *i.e.,* the administrative, professional or executive exemptions, because (among other reasons) Prudential does not and did not pay Plaintiffs on any kind of guaranteed "salary basis."  In the same way that Prudential thus misclassified Plaintiffs, Prudential also unlawfully misclassified and mistreated thousands of its other similarly situated employees.

4.      The persons Plaintiffs seek to represent are current and former employees of Defendants who were engaged in providing financial services, including advice and planning involving securities, insurance, mutual funds and other financial products, known as "registered representatives," and persons training to be "registered representatives," who were and/or are employed by Defendants in the United States on a commission basis, and to whom Defendants failed to pay overtime for work performed in excess of 40 hours per week as required by federal law; or as required by state law; or who are or were subjected to unlawful deductions from their

pay by Defendants, unlawfully compelled to pay for Defendants' business expenses, or unlawfully charged back for commissions or other losses allegedly caused by them through simple negligence or through no fault of their own. The positions in which the persons identified in this paragraph were employed by Defendants are collectively referred to herein as "Covered Positions."

5. The group and classes that Plaintiffs seek to represent are:

(a) the "Federal Collective Group" that consists of approximately 350 individuals who were or are employed by Defendants in Covered Positions in the United States of America at any time since September 15, 2003 (the "Federal Eligibility Period"), who filed consents to join the collective action conditionally certified by this Court on March 27, 2008 (Case No. 06-04359, docket no. 54), and who have not subsequently been voluntarily dismissed; and

(b) the "State Law Class" consisting of all individuals employed by Defendants in Covered Positions in California, Hawaii, Illinois, Indiana, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington at any time during the maximum applicable limitations periods authorized by the laws of those jurisdictions, including: (i) all individuals, employed by Defendants in Covered Positions in the Commonwealth of Pennsylvania at any time since September 15, 2000; (ii) all individuals employed by Defendants in Covered Positions in the State of California at any time since March 20, 2004; (iii) all individuals employed by Defendants in Covered Positions in

the State of Hawaii at any time since December 15, 2002; (iv) all
individuals employed by Defendants in Covered Positions in the State of
Illinois at any time since December 15, 2003; (v) all individuals employed
by Defendants in Covered Positions in the State of Indiana at any time
since December 15, 2002; (vi) all individuals employed by Defendants in
Covered Positions in the State of Massachusetts at any time since
December 15, 2002; (vii) all individuals employed by Defendants in
Covered Positions in the State of Michigan at any time since December
15, 2002; (viii) all individuals employed by Defendants in Covered
Positions in the State of Missouri at any time since December 15, 2006;
(ix) all individuals employed by Defendants in Covered Positions in the
State of Montana at any time since December 15, 2003; (x) all individuals
employed by Defendants in Covered Positions in the State of Nevada at
any time since December 15, 2005; (xi) all individuals, employed by
Defendants in Covered Positions in the State of New Jersey at any time
since December 15, 2006 with respect to overtime claims and since
December 15, 2002 with respect to other claims; (xii) all individuals,
employed by Defendants in Covered Positions in the State of New York at
any time since December 15, 2002; (xiii) all individuals employed by
Defendants in Covered Positions in the State of Ohio at any time since
December 15, 2002; (xiv) all individuals, employed by Defendants in
Covered Positions in the State of Oregon at any time since December 15,
2006 with respect to overtime claims and since December 15, 2002 with

respect to other claims; and (xv) all individuals employed by Defendants in Covered Positions in the State of Washington at any time since December 15, 2005 (collectively the "State Law Class Periods").

(c)     The following State Law Sub-Classes, included in the State Law Class:

(i)      The "State Law Overtime Sub-Class" consisting of members of the State Law Class employed in Covered Positions in California, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington to whom Defendants failed to pay overtime for work performed in excess of 40 hours per week or as otherwise required by state law in those jurisdictions;

(ii)     The "State Law Charge Back Sub-Class" consisting of members of the State Law Class employed in Covered Positions in California, Hawaii, Illinois, Indiana, Michigan, New Jersey, New York, Oregon, Pennsylvania and Washington during the relevant State Law Class Periods, who were and are subject to improper deductions and charge backs, as more fully alleged hereinbelow;

(iii)    The "State Law Waiting Time/Penalties Sub-Class" consisting of members of the State Law Class employed in Covered Positions in California, Hawaii, Illinois, Indiana, Michigan, Missouri, Montana, Nevada, Ohio, Oregon and Pennsylvania during the relevant State Law Class Periods, who

were and are entitled to late payment or waiting time penalties as a result of Defendants' failure to timely pay such employees; and

(iv)    The "State Law Rest/Meal Periods/Unfair Competition Sub-Class" consisting of members of the State Law Class employed in Covered Positions in California during the relevant State Law Class Period, who were and are entitled to rest and/or meal periods and who were and are entitled to be protected from unfair competition.

6.    As a result of Defendants' violation of the FLSA and the Labor Laws of California, Hawaii, Illinois, Indiana, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington, Plaintiffs, members of the Federal Collective Group and members of the State Law Class (collectively, "Collective and Class Members") were unlawfully uncompensated for their work.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims, for the following reasons:

(a)    This Court has federal question jurisdiction under 28 U.S.C. § 1331 of all claims based on FLSA in that such claims arise under the laws of the United States and the Court has original jurisdiction of such claims pursuant to 29 U.S.C. § 216(b);

(b)    The Court has jurisdiction over all other claims based on diversity of citizenship under 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, in that (i)

Defendant Prudential's principal place of business and state of incorporation is New Jersey, thus, for purposes of diversity of citizenship, it is a citizen of New Jersey; (ii) this is a class action in which the amount in controversy, *i.e.*, the damages sought by Plaintiffs on behalf of the Classes they purport to represent, exceed the sum of $ 5,000,000, exclusive of interest and costs; (iii) less than one-third of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed, *i.e.* New Jersey; and the number of members of all proposed plaintiff classes in the aggregate include at least 100 members; and

(c)     The Court has supplemental jurisdiction under 28 U.S.C. § 1367 of all state law claims alleged herein over which it does not have original jurisdiction, if any there be, in that such claims are so related to the claims of which the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332(d) that they form part of the same case or controversy.

8.     Venue is proper under 28 U.S.C § 1391(b)(1) and § 1391(c) because each of the Defendants is resident in this District.

## PARTIES

### Plaintiffs and Class Representatives

9.     During the Federal Eligibility Period Plaintiffs Jeffrey Bouder, a resident and citizen of Pennsylvania; Jim Wang, John Costa, Christine Musthaler, Steven Song, David Uchansky, residents and citizens of California; Alan Scott Rudo, a resident and citizen of Hawaii; Ryan Holmes and Timothy Munson, residents and citizens of Illinois; Peter Shaw, a resident and citizen of Indiana; Gerard Rousseau, a resident and citizen of Massachusetts; Christopher Briggs and Joseph Gawron, residents and citizens of Michigan; Sandra King, a resident and citizen of Missouri; Julie Sullivan, a resident and citizen of Montana; Michele Otten, a resident and citizen of Nevada; Kelly Gallant, a resident and citizen of New Hampshire;

Vincent Camissa, a resident and citizen of New Jersey; Edward Lennon, Goran Oydanich, Robert Paventi and Alex Tejada, residents and citizens of New York; Julia Stalla, a resident and citizen of Ohio; Michael Todd Hinchliffe, a resident and citizen of Oregon; and Tracy Chosa, a resident and citizen of Washington (collectively "Federal Collective Group Plaintiffs"), were employed by Prudential as registered representatives in Covered Positions in the United States. Plaintiffs Joseph Gawron, Sandra King, Vincent Camissa and Julia Stalla are still employed by Prudential as registered representatives in Covered Positions in the United States.

10.     During the State Law Class Periods Plaintiff Jeffrey Bouder was employed by Prudential as a registered representative in a Covered Position in the Commonwealth of Pennsylvania; Plaintiffs Jim Wang, John Costa, Christine Musthaler, Steven Song and David Uchansky were employed by Prudential as registered representatives in Covered Positions in the State of California; Plaintiff Alan Scott Rudo was employed by Prudential as a registered representative in the State of Hawaii; Plaintiffs Ryan Holmes and Timothy Munson were employed by Prudential as registered representatives in Covered Positions in the State of Illinois; Plaintiff Peter Shaw was employed by Prudential as a registered representative in a Covered Position in the State of Indiana; Plaintiffs Gerard Rousseau and Kelly Gallant were employed by Prudential as registered representatives in Covered Positions in the Commonwealth of Massachusetts; Plaintiffs Christopher Briggs and Joseph Gawron were employed by Prudential as registered representatives in Covered Positions in the State of Michigan; Plaintiff Sandra King was employed by Prudential as a registered representative in a Covered Position in the State of Missouri; Plaintiff Julie Sullivan was employed by Prudential as a registered representative in a Covered Position in the State of Montana; Plaintiff Michele Otten was employed by Prudential as a registered representative in a Covered Position in the State of

Nevada; Plaintiff Vincent Camissa was employed by Prudential as a registered representative in a Covered Position in the State of New Jersey; Plaintiffs Edward Lennon, Goran Oydanich, Robert Paventi and Alex Tejada were employed by Prudential as registered representatives in Covered Positions in the State of New York; Plaintiff Julia Stalla was employed by Prudential as a registered representative in a Covered Position in the State of Ohio; Plaintiffs Michael Todd Hinchliffe and Jason Persinger were employed by Prudential as registered representatives in Covered Positions in the State of Oregon; and Plaintiff Tracy Chosa was employed by Prudential as a registered representative in a Covered Position in the State of Washington (collectively "State Law Plaintiffs").   Plaintiffs Joseph Gawron, Sandra King, Vincent Camissa and Julia Stalla are still employed by Prudential as registered representatives in Covered Positions in Michigan, Missouri, New Jersey and Ohio, respectively.

### Defendants

11.     During the Federal Eligibility and State Law Class Periods, Defendant Prudential Insurance Company of America was and is a New Jersey company licensed to sell life insurance and annuities in all States with its principal place of business at 751 Broad Street, Newark, NJ, 07102.

12.     During the Federal Eligibility and State Law Class Periods, Defendant Prudential Financial, Inc. was and is a publicly-owned holding company, traded on the New York Stock Exchange, whose operating subsidiaries provide a wide range of insurance, investment management and other financial products and services to retail and institutional customers including insurance brokers and investment managers, with its principal place of business at 751 Broad Street, Newark, NJ, 07102.

13.     Defendants Prudential Insurance Company of America and Prudential Financial, Inc. (sometimes collectively referred to herein as "Prudential" were and are doing business as insurance and brokerage firms engaged in providing insurance, securities and other financial products and providing financial advice with offices located nation-wide, including in California, Hawaii, Illinois, Indiana, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington.

14.     On information and belief, Plaintiffs allege that Prudential employs thousands of registered representatives at any one time throughout the United States, including California, Hawaii, Illinois, Indiana, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington.  Plaintiffs estimate that the Federal Collective Group and the State Law Class far exceed the number of registered representatives employed by Prudential at any one time during the relevant Federal Eligibility and State Law Class Periods.

15.     Defendants Does 1-50 are fictitious names for individuals who may be responsible for the wrongful conduct and labor practices that caused harm to the Plaintiffs and the class, the true names and capacities of which are unknown to Plaintiffs, but Plaintiffs will amend this Complaint when and if the true names of said Defendants become known to them.

16.     Defendants ABC Corporations 1-50 are fictitious names for companies, partnerships, joint ventures and/or corporations, including predecessors, successors and subsidiaries of Prudential, who may be responsible for the wrongful conduct and labor practices that caused harm to the Plaintiffs and the class, the true names and capacities of which are unknown to Plaintiffs, but Plaintiffs will amend this Complaint when and if the true names of said Defendants become known to them.

17.     Plaintiffs, upon information and belief, allege that during the Federal Eligibility and State Law Class Periods, Defendants were each the agent of the other Defendants, and in performing the acts alleged in this Complaint were acting within the course and scope of that agency and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."   Defendants are individually, jointly and severally liable as the employers of the Plaintiffs and each Plaintiff class member because each Defendant directly or indirectly, or through an agent or any other person, employed or exercised control over the wages, hours and working conditions of Plaintiffs and the other Collective and Class Members.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

18.     The Federal Collective Group Plaintiffs bring this action on behalf of themselves, and the Federal Collective Group pursuant to the Fair Labor Standards Act, § 216(b).

19.     Plaintiffs are informed and believe that there are approximately 350 members of the Federal Collective Group.

20.     Plaintiffs are similarly situated to the other members of the Federal Collective Group because they all (a) worked for Defendants as registered representatives during the Federal Eligibility Period; (b) performed the same or similar job functions and responsibilities as registered representatives of Prudential; and (c) worked overtime hours without receiving overtime compensation.  As a result, there are questions of law and fact common to the Plaintiffs and the Federal Collective Group; and, therefore, Plaintiffs have a well-defined community of interest with and are adequate representatives of the Federal Collective Group.

21.     The following questions of law and fact common to the Federal Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

  a.  Whether Defendants failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the FLSA; and

  b.  Whether the members of the Federal Collective Group have been damaged and, if so, the extent of such damages.

22.  The State Law Plaintiffs bring this action on behalf of themselves, and the State Law Class pursuant to Fed.R.Civ.P. 23.

23.  The State Law Plaintiffs are informed and believe that there are thousands of members of the State Law Class and hundreds, if not thousands, of members of each of the State Law Sub-Classes; thus, the State Law Class and each of the State Law Sub-Classes are so numerous that joinder is impractical.

24.  There are questions of law and fact common to the State Law Plaintiffs and the other members of the State Law Class, and there are questions of law and fact common to each of the State Law Plaintiffs and the other members of each of the State Law Sub-Classes. Therefore, those Plaintiffs who are members of the State Law Class, and those Plaintiffs who are members of each State Law Sub-Class, are similarly situated to the other members of their respective Class and Sub-Classes and are adequate representatives of the Class and the Sub-Classes.

25.  The following questions of law and fact are common to the State Law Class and the State Law Sub-Classes and predominate over questions which may affect only individual members of the State Law Class and each of the State Law Sub-Classes:

  a.  Whether Defendants failed to adequately compensate the members of the State Law Overtime Sub-Class for overtime hours worked as required by the

Labor Laws of California, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington, including, without limitation: (i) Cal. Labor Code, § 510(a); (ii) Illinois Minimum Wage Act, 820 LCS 105/4a; (iii) Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B; (iv) Missouri Revised Statutes ("Mo. Rev. Stat.") § 290.505(1); (v) Montana Code § 39-3-405(1); (vi) Nevada Revised Statutes ("NRS") § 608.018; (vii) New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30; (viii) NYCRR § 142-2.2 and New York Labor Law Article 19 § 650 *et seq*.; (ix) Ohio Revised Code §4111.03(A); (x) Oregon Revised Statutes ("ORS") §§653.261(1) and the implementing regulations, including Oregon Administrative Rules ("OAR") §§839-020-0030; (xi) Pennsylvania Minimum Wage Act, 43 P.S. §§333.101, *et seq.*; and (xii) Washington Minimum Wage Act (Revised Code of Washington ("RCWA") § 49.46.130);

b.      Whether Defendants wrongfully deducted monies from the wages of the members of the State Law Charge Back Sub-Class, and/or otherwise required members of the State Law Charge Back Sub-Class to pay for support staff and other overhead expenses and/or reversed trades, in violation of the Labor Laws of California, Hawaii, Illinois, Indiana, Michigan, New Jersey, New York, Oregon, Pennsylvania and Washington, including, without limitation: (i) Cal. Lab. Code, §§ 2802, 203, 204, 221, 406, 407; (ii) HRS § 388-6; (iii) Illinois Minimum Wage Act, 820 LCS 115/9 and the implementing regulations, including 56 Ill. Adm. Code §§ 300.720, 300.730; (iv) Indiana Code Ann. § 22-2-6-2; (v) Michigan

Compiled Laws ("MCL") §§ 408.477(1), 408.478; (vi) New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4; (vii) New York Labor Law Article 6 § 193; (viii) ORS § 652.610(3); (ix) Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§260.1, *et seq*.; and (x) RCWA §§ 49.48.010, 49.52.050.

c.      Whether Defendants incurred late payment or waiting time penalties as a result of failure to timely pay the State Law Late Payment Penalties Sub-Class, by failing to tender payment and/or restitution of wages owed in the amount or the manner required by the Labor Laws of California, Hawaii, Illinois, Indiana, Michigan, Missouri, Montana, Nevada, Ohio, Oregon and Pennsylvania, including, for example and without limitation, (i) California Labor Code Sections 201(a), 202(a), 203, 204; (ii) Hawaii Revised Statutes Sections 388-3(a), 388-10; 820 ILCS 115/5, 105/12(a), 120/2, 120/3; (iii) Indiana Code Ann. §§ 22-2-9-2(a), 22-2-4-4, (iv) Michigan Compiled Laws Sections 408.475, 408.888; (v) Mo. Rev. Stat.") § 290.527; (vi) Montana Code Annotated, Sections 39-3-205(1), 39-3-206; (vii) NRS §§ 608.020, 608.030 and 608.040; (viii) Ohio Revised Code Sections 4113.15(A) and (B); (ix) Oregon Revised Statutes Sections 652.140(1), 652.140(2), 652.150; and (x) Pennsylvania Wage Payment and Collection Law, WPCL, 43 P.S. Sections 260.5, 260.10, which provide that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place.

      d.     Whether Defendants wrongfully failed to provide members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class with rest and/or meal periods in violation of Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders implementing the Code, and committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, by failing to pay the members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class overtime pay for all hours worked in excess of forty (40) hours in a workweek in violation of the FLSA and Cal. Lab. Code § 510(a), and by failing to comply with California Labor Code §§ 203, 204, 221, 226.7, 406, 407, 1194, 1198 and 2802; and

      e.     Whether the members of the State Law Class have been damaged and, if so, the extent of such damages; whether the members of the State Law Late Payment Penalties Sub-Class are entitled to penalties and, if so, the extent of such penalties; whether defendants are liable to the members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class for premium pay of one hour for each workday that such rest and/or meal periods were denied, and for damages resulting from acts of unfair competition, and, if so, the extent of such damages.

26.     Plaintiffs are asserting claims that are typical of the claims of the Federal Collective Group, the State Law Class, and the State Law Sub-Classes. Plaintiffs will fairly and adequately represent and protect the interests of the Federal Collective Group, the State Law Class, and the State Law Sub-Classes, and have no interests antagonistic to those of the other

Collective and Class Members.   Plaintiffs have retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

27.     Plaintiffs and other Collective and Class Members have suffered damages as a result of Defendants' wrongful conduct.   Because the size of the claims of the individual Collective and Class Members are relatively small, few, if any, Collective and Class Members could afford to seek legal redress for the wrongs complained of herein.   A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.

28.     Absent a collective and class action, the Collective and Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the Labor Laws of California, Hawaii, Illinois, Indiana, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington, including, without limitation those statutes and regulations cited in paragraph 25 of this Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

29.     Neither Plaintiffs nor the other members of the Federal Collective Group or State Law Overtime Sub-Class were or are part of any group exempt from the overtime requirements of Federal Law, or the Labor Laws of California, Hawaii, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania or Washington.

30.     The duties of Plaintiffs and the other members of the Federal Collective Group and State Law Overtime Sub-Class included the following:

a.     Registered representatives meet with current or prospective clients, typically in person, to collect and discuss each client's life insurance and financial

information (*e.g*., assets, income, debts, cash flow, tax status, retirement savings, and financial objectives) and needs.

b.        Registered representatives analyze the information collected from current and prospective clients and compare and evaluate possible life insurance and financial products to develop individualized advice and strategies for each client based upon each client's insurance and financial status, risk tolerance, needs, and objectives.

c.        Registered representatives provide individualized advice and recommendations to current and prospective clients on the purchase of life insurance and other financial products.  This includes explaining and discussing with clients the advantages and disadvantages of various life insurance and financial products, including the costs, monetary values or returns, death benefits, and risks of each.

d.        Registered representatives structure transactions to ensure that they result in the maximum benefit for clients, while also conforming with the laws, regulations, and requirements governing the insurance industry and the securities industry.

e.        Registered representatives make sales of life insurance and other financial products.

f.        Registered representatives engage in promotion and business development activities, including the marketing, servicing, and promoting of Prudential's insurance and other financial products and services.  They make themselves visible to the public to attract, meet and retain potential new clients for Prudential

and to explain and promote the life insurance and other financial products offered by Prudential. They also develop business by contacting or networking with current or prospective clients and by developing and maintaining relationships with sources of leads and referrals. They make in-person calls on, or attend social functions with, real estate agents, attorney, brokers, and other potential sources of referrals and leads and make presentations at seminars or gatherings of trade associations and civic and non-profit organizations. For example, they may participate in seminars or conferences to explaining new insurance products and services that are offered, and to identify and attract new clients.

31. Registered representatives, such as Plaintiffs and the other members of the Federal Collective Group and State Law Overtime Sub-Class have a primary duty other than sales, because their work includes collecting and analyzing a client's financial information, advising the client about the risks and the advantages and disadvantages of the insurance and other financial products available from Prudential in light of the client's individual financial circumstances, recommending to the client only those products that are suitable for the client's particular financial status, objectives, risk tolerance, and other investment needs, and servicing or promoting Prudential's insurance and other financial products. In addition, registered representatives perform their duties for Prudential primarily at Prudential's places of business. Consequently, Plaintiffs and the other members of the Federal Collective Group and State Law Overtime Sub-Class were not and are not outside salespersons as defined in the FLSA and by the Labor Laws of California, Hawaii, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania or Washington.

32.     Members of the Federal Collective Group and the State Law Overtime Sub-Class were and are not paid on a "salary basis", were and are not "professionals", and did not perform "executive" functions as these terms are defined by the FLSA or by the Labor Laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of California, Hawaii, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania or Washington.

33.     Plaintiffs and the other members of the Federal Collective Group and the State Law Overtime Sub-Class were employed by Prudential as registered representatives pursuant to written contracts and routinely worked and/or work more than 40 hours per week, but were paid by Defendants on a commission basis without any premium for overtime pay as required by law.

34.     Defendants compelled Plaintiffs and the other members of the State Law Charge Back Sub-Class to compensate secretaries, sales assistants and/or other workers for performing services for the benefit of Defendants, and charged Plaintiffs and the other members of the State Law Charge Back Sub-Class or refused to compensate them for payments made to such secretaries, sales assistants and/or other workers.

35.     Defendants also charged Plaintiffs and the other members of the State Law Charge Back Sub-Class or refused to compensate them for defendants' overhead and other expenses and costs of doing business, including, without limitation, technology charges, sales assistants and office occupation and support charges.

36.     Prudential, as part of its regular business practices, charged back commissions earned by Plaintiffs and the other members of the State Law Charge Back Sub-Class if any sales of financial products were canceled, even without fault on the part of the registered representatives.  Prudential also improperly deferred payment of commissions and then refused

to compensate Plaintiffs and the other members of the State Law Charge Back Sub-Class for commissions earned which remained unpaid at the time a registered representative terminated his or her employment with Prudential, instead deducting the amount of such commissions from amounts due to the registered representatives.

## FIRST CLAIM FOR RELIEF

### (Restitution for Failure to Pay Overtime to the Federal Collective Group --

### Violation of FLSA § 207)

37.     The Federal Collective Group Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein and allege the following claim for relief on behalf of themselves and on behalf of the Federal Collective Group under the FLSA.

38.     The Federal Collective Group includes all registered representatives employed by Defendants in the United States.  For purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

39.     Section 207(a)(1) of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

22

29 U.S.C. § 207(a)(1) (2005).

40.     Section 207(i) of the Federal Fair Labor Standards Act provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) [of this section - mandate to compensate employees for overtime] by employing any employee of a retail or service establishment for a workweek in excess of the applicable work week specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 6 [29 U.S.C. § 206], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i) (2005).

41.     The Section 207(i) exemption does not apply to the Federal Collective Group herein because Defendants do not qualify as "retail or service establishments."  Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(i) exemption] does not apply." 29 C.F.R. § 779.317 (2005).  Included in that list are "Security dealers" and "Insurance; mutual, stock and fraternal benefit, including insurance brokers [and] agents".  See 29 C.F.R. §779.317 and see also 29 C.F.R. §779.316.

42.     Section 213(a)(1) of the Federal Fair Labor Standards Act provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary school), or in the

capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 U.S.C. §§ 551 *et seq.*] except than [*sic*] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his work week which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the work week are devoted to such activities).

29 U.S.C. § 213(a)(1) (2005).

43.    The Federal Collective Group Plaintiffs and other members of the Federal Collective Group do not fit within the Section 13(a)(1) exemptions under for work in an executive, administrative or professional capacity because each of these exemptions requires the employees to be paid a certain guaranteed weekly minimum on a "salary basis." Members of the Federal Collective Group, however, were and are not paid on either a guaranteed "salary basis," as that term is defined by the applicable overtime regulations, at the minimum rate required to qualify for exemption.

44.    In addition, the Federal Collective Group Plaintiffs and other members of the Federal Collective Group did not and do not meet the "duties" test for the executive, professional and outside sales exemptions to the overtime rules.

45.    The outside sales exemption does not apply to the Federal Collective Group because the primary duty of a registered representative is not sales, and because the members of the Federal Collective Group were primarily employed at Prudential's places of business.

46.     The exemption for executive personnel does not apply to the Federal Collective Group since they were not responsible for the supervision of other employees of the Defendants.

47.     The professional exemption does not apply to the Federal Collective Group because the status of registered representative is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning. Although some members of the Federal Collective Group hold advanced degrees in business, others do not, and the degree in business is a general degree rather than a degree related to work as a registered representative.  There is no generally recognized advanced degree related to work as an registered representative, and even if there were, it is not generally required to have such a degree in order to be employed by Prudential as an registered representative.

48.     There are no other exemptions applicable to Plaintiffs and/or to the other members of the Federal Collective Group.

49.     The Federal Collective Group Plaintiffs and the other members of the Federal Collective Group regularly worked more than 40 hours per week for Defendants, and received no premium pay for hours worked in excess of 40 hours per week.

50.     Defendants violated the FLSA by failing to pay the Federal Collective Group overtime pay for all hours worked in excess of forty (40) hours in a workweek.

51.     In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, Defendants acted willfully in that they knowingly, deliberately and intentionally failed to pay overtime to the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group.

52.     As a result of Defendants' failure to pay overtime, the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group were damaged in an amount to be proved at trial.

53.     Therefore, the Federal Collective Group Plaintiffs demand that they and the other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not so compensated and an additional amount equal thereto as liquidated damages, plus interest and attorneys' fees as provided by law.

**SECOND CLAIM FOR RELIEF**

**(Failure to Pay Overtime to Members of the State Law Class)**

54.     Plaintiffs Jeffrey Bouder, Jim Wang, John Costa, Christine Musthaler, Steven Song, David Uchansky, Ryan Holmes, Timothy Munson, Kelly Gallant, Gerard Rousseau, Sandra King, Julie Sullivan, Michele Otten, Vincent Camissa, Edward Lennon, Goran Oydanich, Robert Paventi, Alex Tejada, Julia Stalla, Michael Todd Hinchliffe and Tracy Chosa (the "State Law Overtime Plaintiffs") repeat and reallege by reference the allegations set forth above, as though set forth herein in full and allege the following claim for relief under the Labor Laws of California, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington on behalf of themselves and on behalf of the State Law Overtime Sub-Class.

55.     The Labor Laws of California, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington provide that that any work performed by persons employed in Covered Positions in excess of forty (40) hours in any one workweek shall be compensated with overtime premium pay at a scale based on a

multiple of the regular rate of pay for an employee.  Additionally, California law requires that employees in Covered Positions be compensated with overtime premium pay for any hours they work in excess of eight (8) hours per day.  As such, the State Law Overtime Plaintiffs and the other members of the State Law Overtime Sub-Class are entitled to such overtime premium compensation for work performed in excess of forty (40) hours in any one workweek, and in the case of California, over eight (8) hours per day, while employed by Defendants in Covered Positions in such States and jurisdictions of the United States.

**California Overtime Claims**

56.     State Law Overtime Plaintiffs Jim Wang, John Costa, Christine Musthaler, Steven Song and David Uchansky, and the other members of the State Law Overtime Sub-Class who are employed in Covered Positions in California, performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the California Labor Code, which requires that employees be compensated for overtime work as follows:

a.     Cal. Lab. Code § 510(a) provides, in relevant part:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be

27

compensated at the rate of no less than twice the regular rate of pay of an employee;

b.      Cal. Lab. Code § 515(d) provides that:

For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary; and

c.      Cal. Lab. Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

**Illinois Overtime Claims**

57.    Plaintiffs Ryan Holmes and Timothy Munson, and the other members of the State Law Overtime Sub-Class who are employed in Covered Positions in Illinois, performed overtime work, and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the Illinois Minimum Wage Act, 820 ICS 105/4a ("IMWA"), which provides that no employer shall employ any employees for a work week of more than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than 1.5 times the regular rate at which such employee is employed, except as otherwise provided. None of the exemptions to the IMWA apply to Plaintiffs Ryan Holmes and Timothy Munson, or

to the other members of the State Law Overtime Sub-Class employed in Covered Positions in Illinois,.

## Massachusetts Overtime Claims

58.     Plaintiffs Kelly Gallant and Gerard Rousseau and the other members of the State Law Overtime Sub-Class employed in Covered Positions in Massachusetts, were and are non-exempt employees, performed overtime work, and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, pursuant to the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, §§ 1A and 1B, which requires employers to pay non-exempt employees overtime at the rate of no less than one and one-half times the employee's regular salary for all hours worked in excess of forty (40) hours in any one workweek.

## Missouri Overtime Claims

59.     Plaintiff Sandra King and the other members of the State Law Overtime Sub-Class employed in Covered Positions in Missouri performed overtime work, and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by Mo. Rev. Stat. § 290.505(1), which provides that no employer shall employ any employees for a work week of more than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which such employee is employed. None of the exemptions or exceptions to § 290.505(1) apply to Plaintiff Sandra King, or to the other members of the State Law Overtime Sub-Class employed in Covered Positions in Missouri.

**Montana Overtime Claims**

60.    Plaintiff Julie Sullivan and the other members of the State Law Overtime Sub-Class employed in Covered Positions in Montana performed overtime work, and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the Montana Code § 39-3-405(1), which provides that no employer shall employ any employees for a work week of more than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which such employee is employed. None of the exemptions or exceptions to § 39-3-405(1) apply to Plaintiff Julie Sullivan, or to the other members of the State Law Overtime Sub-Class employed in Covered Positions in Montana.

**Nevada Overtime Claims**

61.    Plaintiff Michele Otten and the other members of the State Law Overtime Sub-Class employed in Covered Positions in Nevada performed overtime work, and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the NRS § 608.018, which provides that an employer shall pay an employee one and one-half times the employee's regular wage rate whenever an employee works more than 40 hours in any scheduled work week. None of the exemptions or exceptions to § 608.018 apply to Plaintiff Michele Otten, or to the other members of the State Law Overtime Sub-Class employed in Covered Positions in Nevada.

**New Jersey Overtime Claims**

62.    Plaintiff Vincent Camissa and the other members of the State Law Overtime Sub-Class employed in Covered Positions in New Jersey regularly worked more than 40 hours per

week for Defendants, and received no premium pay for hours worked in excess of 40 hours per week, and were and are not exempt from the overtime requirements of New Jersey's Labor Laws and implementing regulations. They thus were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, which provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1 ½) times the regular rate of pay for an employee.

### New York Overtime Claims

63.     Plaintiffs Edward Lennon, Goran Oydanich, Robert Paventi and Alex Tejada, and all other members of the State Law Overtime Sub-Class who are employed in Covered Positions in New York, regularly work and/or worked more than 40 hours per week, and were or are compensated on a straight commission basis with no base salary and no premium pay for hours worked in excess of 40 hours. No exceptions to New York Labor Law apply to them. Thus, they were and are entitled to be paid overtime compensation for every hour of overtime worked in any work week for which they were not so compensated, as required by New York Law, 12 NYCRR § 142-2.2 (2005) and New York Labor Law Article 19 § 650 *et seq*., which requires the payment of overtime compensation at one and one half times the regular rate for all hours worked in excess of forty (40) hours a week to non-exempt employees.  12 NYCRR § 142-2.2 (2005), provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2]13 of 29 U.S.C. 201 et

seq., the Fair Labor Standards Act of 1938 as Amended, provided, however that the exemptions set forth in Section [2]13(a)(2) and [2]13(a)(4) shall not apply.  In addition, an employer shall pay employees subject to the exemptions of Section [2]13 of the Fair Labor Standards Act, as Amended, except employees subject to Section [2]13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

### Ohio Overtime Claims

64.    Plaintiff Julia Stalla and the other members of the State Law Class employed in Covered Positions in Ohio worked more than forty (40) hours per week, and none of the exclusions or exemptions under FLSA applied to them. Thus they were entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by Ohio Revised Code § 4111.03(A), which provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one work week, in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. §207, 213, as amended."

### Oregon Overtime Claims

65.    Plaintiff Michael Todd Hinchliffe and the other members of the State Law Overtime Sub-Class employed in Covered Positions in Oregon performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, pursuant to ORS §653.261(1) and OAR §§839-020-0030, which require employers to pay an individual employed in Oregon overtime

equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

### Pennsylvania Overtime Claims

66.     Plaintiff Jeffrey Bouder and the other members of the State Law Overtime Sub-Class employed in Covered Positions in Pennsylvania performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.*, and the regulations implementing the PMWA, which provide that employers must pay overtime premium pay to employees who work in excess of 40 hours per week unless the employees fall into one or more express "exemptions", none of which apply to Plaintiff Jeffrey Bouder or to the other members of the State Law Overtime Sub-Class employed in Covered Positions in Pennsylvania.

### Washington Overtime Claims

67.     Plaintiff Tracy Chosa and the other members of the State Law Overtime Sub-Class employed in Covered Positions in Washington, all of whom were non-exempt employees, performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as provided in RCWA §49.46.130, which requires employers to pay non-exempt employees overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of forty (40) hours in any given workweek unless proven to be exempt from the protection of overtime laws.

68.     The overtime laws of California, Hawaii, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington exempt

from these overtime premium pay requirements certain "white collar" employees employed in a bona fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount, as well as certain outside sales persons. The State Law Overtime Plaintiffs and the other members of the State Law Overtime Sub-Class do not fit within these exemptions for reasons similar to those discussed above with respect to the Federal Collective Group and the exemptions under federal law.

69.    Neither the State Law Overtime Plaintiffs, nor the other members of the State Law Overtime Sub-Class, are part of any group exempt from the overtime requirements of the laws of California, Hawaii, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington.

70.    As a result of Defendants' employment policies, the State Law Overtime Plaintiffs and all other members of the State Law Overtime Sub-Class employed by Defendants during the State Law Class Periods regularly worked and/or work more than forty (40) hours per week with no premium pay for hours worked in excess of forty (40) hours and as a result thereof, suffered damages.

71.    Defendants violated the rights of their employees in Covered Positions in California, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington in violation of Cal. Lab. Code §§ 510(a) and 1194; the IMWA, 820 LCS 105/4a; M.G.L. ch. 151, §§ 1A and 1B; Mo. Rev. Stat. § 290.505(1); Montana Code § 39-3-405(1); NRS § 608.018; N.J.S.A. 34:11-56a to 34:11-56a30; 12 NYCRR § 142-2.2; Ohio Revised Code § 4111.03(A); ORS §653.261(1) and OAR §§839-020-0030; the PWPCL, 43 P.S. §§260.1, *et seq*. and the PMWA, 43 P.S. §§ 333.101, *et seq*.; and RCWA §

34

49.46.130, respectively, and the implementing regulations and the public policies articulated therein, by failing to pay the State Law Overtime Sub-Class overtime pay, as alleged above.

72.    Therefore, the State Law Overtime Plaintiffs demand that they and all other members of the State Law Overtime Sub-Class be paid overtime compensation as required by the overtime laws of California, Illinois, Massachusetts, Missouri, Montana, Nevada, New Jersey, New York, Oregon, Pennsylvania and Washington, including, without limitation, Cal. Lab. Code § 510(a); the IMWA, 820 LCS 105/4a; M.G.L. ch. 151, §§ 1A and 1B; Mo. Rev. Stat. §§ 290.505(1), 290.527; Montana Code § 39-3-405(1); NRS §§ 608.018, 608.110; N.J.S.A. 34:11-56a to 34:11-56a30; NYCRR § 142-2.2 (2005); Ohio Revised Code §4111.03(A); ORS §653.261(1) and OAR §§839-020-0030; the PMWA, 43 P.S. §333.101, *et seq.*; and RCWA §49.46.130, for every hour of overtime worked in any workweek (and, in California, in any workday) during the State Law Class Periods for which they were not so compensated, plus interest and attorneys' fees, as provided by law.

### THIRD CLAIM FOR RELIEF

### (Impermissible Deductions and Charge Backs -- State Law Charge Back Sub-Class)

73.    Plaintiffs Jeffrey Bouder, Jim Wang, John Costa, Christine Musthaler, Steven Song, David Uchansky, Alan Scott Rudo, Ryan Holmes, Timothy Munson, Peter Shaw, Christopher Briggs, Joseph Gawron, Vincent Camissa, Edward Lennon, Goran Oydanich, Robert Paventi, Alex Tejada, Michael Todd Hinchliffe, Jason Persinger and Tracy Chosa (the "State Law Charge Back Plaintiffs") repeat and reallege by reference the allegations set forth above, as though set forth herein in full, and allege the following claim for relief under the Labor Laws of California, Hawaii, Illinois, Indiana, Michigan, New Jersey, New York, Oregon,

Pennsylvania and Washington on behalf of themselves and on behalf of the State Law Charge Back Sub-Class.

74.     The Labor Laws of California, Hawaii, Illinois, Indiana, Michigan, New Jersey, New York, Oregon, Pennsylvania and Washington prohibit an employer from deducting or charging back from wages any sums other than those specifically authorized by law.

### California Deduction and Charge Back Claims

75.     The California Labor Code and the regulations implementing the Code impose the following restrictions on employers, such as Defendants, in dealing with their employees, such as State Law Charge Back Plaintiffs Jim Wang, John Costa, Christine Musthaler, Steven Song and David Uchansky, and the other members of the State Law Charge Back Sub-Class who are or were employed by Defendants in Covered Positions in California:

a.     California Labor Code§ 2802(a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful;

b.     California Labor Code 406 provides:

Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up;

c.      California Labor Code 407 provides:

Investments and the sale of stock or an interest in a business in connection with the securing of a position are illegal as against the public policy of the State and shall not be advertised or held out in any way as a part of the consideration for any employment; and

d.      Section 8 of Wage Order 4-2001 of the Industrial Wage Commission, 8 CCR 11040(8), provides:

No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

**Hawaii Deduction and Charge Back Claims**

76.     In Hawaii, pursuant to HRS 388-6, an employer is not permitted to make deductions unless they are required by law or are authorized in writing by the employee and certain deductions may not be authorized at all.  An employer, such as Prudential, is not authorized to deduct from the pay of employees such as State Law Charge Back Plaintiff Alan Scott Rudo, or from the pay of similarly situated members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in Hawaii, wages payable to other employees of Defendants or other operational costs, because such charges were not of a nature allowed under the statute and were made without the written consent of such employees.

## Illinois Deduction and Charge Back Claims

77.     Under Illinois law, 820 ILCS 115/9, an employer is only permitted to make deductions which are for the benefit of the employee or required by law or pursuant to the written consent of the employee, freely given at the time such deduction is made.  Nowhere in the statute is an employer, such as Prudential, authorized to deduct from the pay of employees such as State Law Charge Back Plaintiffs Ryan Holmes and Timothy Munson, or from the pay of similarly situated members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in Illinois, wages payable to other employees of Defendants or other operational costs, because such charges were not for the benefit of such employees, were not otherwise of a nature allowed under the relevant statute, and were made without the written consent of such employees.

## Indiana Deduction and Charge Back Claims

78.     Under Indiana law, Indiana Code Ann., § 22-2-6-2, an employer is not permitted to make deductions from an employee's wages unless an assignment of wages is in writing, signed by the employee, revocable at any time by the employee and agreed to by the employer, and such deductions are limited to certain enumerated categories.  Nowhere in the statute is an employer, such as Prudential, authorized to deduct from the pay of employees such as State Law Charge Back Plaintiff Peter Shaw, or from the pay of similarly situated members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in Indiana, wages payable to other employees of Defendants or other operational costs, because such charges were not of a nature allowed under the statute and were made without the lawful written consent of such employees.

**Michigan Deduction and Charge Back Claims**

79.     In Michigan, pursuant to MCL 408.477(1), an employer is not permitted to make deductions from an employee's wages without the full, free, written consent of the employee, obtained without intimidation or fear of discharge and pursuant to MCL 408.478, an employer is not permitted to demand or receive directly or indirectly any remuneration or consideration as a condition of employment. An employer, such as Prudential, is not authorized to deduct from the pay of employees such as State Law Charge Back Plaintiffs Christopher Briggs and Joseph Gawron, or from the pay of similarly situated members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in Michigan, wages payable to other employees of Defendants or other operational costs, because such charges were not permitted by law and were made without the lawful written consent of such employees.

**New Jersey Deduction and Charge Back Claims**

80.     Similarly, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4, prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by that statute. Nowhere in the statute are employers, such as Defendants herein, authorized to deduct from the pay of employees, such as State Law Charge Back Plaintiff Vincent Camissa, or from the pay of similarly situated employees, such as the other members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in New Jersey, wages payable to other employees of Defendants.

**New York Deduction and Charge Back Claims**

81.     Further, New York Labor Law Article 6 §193 expressly prohibits an employer from making unauthorized deductions from employees' wages. Thus, deductions are prohibited unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee"

and, (2) are limited to enumerated categories of permissible deductions.  Nowhere in said statute are employers, such as Defendants, authorized to deduct from the pay of employees such as State Law Charge Back Plaintiffs Edward Lennon, Goran Oydanich, Robert Paventi and Alex Tejada or from the pay of similarly situated employees, such as the other members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in New York, wages payable to other employees of Defendants.

### Oregon Deduction and Charge Back Claims

82.    Oregon law, ORS §652.610(3), prohibits an employer from withholding, deducting, or diverting an employee's wages unless certain conditions are met.  Nowhere in the statute is an employer, such as Prudential, authorized to deduct from the pay of employees such as State Law Charge Back Plaintiffs Michael Todd Hinchliffe and Jason Persinger, or from the pay of similarly situated members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in Oregon, wages payable to other employees of Defendants or operation costs, which deductions do not fall within any of the exceptions set forth in ORS §652.610(3), nor can an employer use "self help" to deduct or offset losses against an employees wages.

### Pennsylvania Deduction and Charge Back Claims

83.    Pennsylvania law limits deductions from the pay of employees, such as State Law Charge Back Plaintiff Jeffrey Bouder, and the other members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in Pennsylvania, by employers such as Defendants, to specifically enumerated circumstances spelled out in the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§260.1, *et seq*., 43 P.S. §260.3, and

the applicable regulations promulgated by the Secretary of Labor and Industry of the Commonwealth of Pennsylvania.

## Washington Deduction and Charge Back Claims

84.     Under Washington law, RCWA 549.52.050, an employer is not permitted to make deductions which are not for the benefit of the employee or specifically allowed under the statute and require the written consent of the employee.  Nowhere in the statute is an employer, such as Prudential, authorized to deduct from the pay of employees such as State Law Charge Back Plaintiff Tracy Chosa, or from the pay of similarly situated members of the State Law Charge Back Sub-Class who are or were employed in Covered Positions in Washington, wages payable to other employees of Defendants or other operational costs, because such charges were not for the benefit of such employees, were not otherwise of a nature allowed under the statute, and were made without the written consent of such employees.

85.     Prudential made unlawful deductions from the wages paid to the State Law Charge Back Plaintiffs and to other members of the State Law Charge Back Sub-Class, and/or required them to pay for expenses which were, as a matter of law, their employers' overhead expenses, including: (a) deductions for amounts paid to the secretary or sales assistant(s) of registered representatives for conducting Defendants' business and communicating with customers; (b) deductions for operational costs of Defendants' business, including office space, technological access charges and travel expenses; and (c) deductions for commissions that had been earned but were charged back because the sales of financial products generating such commissions were terminated or lapsed, generally through no fault on the part of the registered representatives.

86.    The described deductions violate the laws of California, Hawaii, Illinois, Indiana, Michigan, New Jersey, New York, Oregon, Pennsylvania and Washington, including, without limitation, California Labor Code § 2802(a), HRS 388-6, 820 ILCS 115/9; Indiana Code Ann, § 22-2-6-2; MCL 408.477(1); New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4; N.Y. Lab. Law Art. 6 §193; ORS §652.610(3); PWPCL, 43 P.S. § 260.3; and RCWA 549.52.050, because they are not for the benefit of the employees, not authorized by law, and/or not of the similar type of deductions allowable under the statutes, and said deductions further breached the written contracts of employment with the State Law Charge Back Plaintiffs and the other members of the State Law Charge Back Sub-Class employed in Covered Positions in Indiana and Michigan under the laws of those states.

87.    Thus, the State Law Charge Back Plaintiffs, and the other members of the State Law Charge Back Sub-Class, were forced to incur expenditures and losses in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, which have not yet been reimbursed by Defendants.  As such, said Plaintiffs and the said other members of the State Law Charge Back Sub-Class were forced to contribute to the capital and expenses of the Defendants' business which contributions must be refunded by Defendants to each said Plaintiff and to each other member of the State Law Charge Back Sub-Class.

88.    Therefore, the State Law Charge Back Plaintiffs demand, on behalf of themselves and the other members of the State Law Charge Back Sub-Class, an accounting and reimbursement for all deductions, expenditures or losses charged or incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employers, plus return of all coerced investments in the business of the employers, in violation

of the Labor Laws of California, Hawaii, Illinois, Indiana, Michigan, New Jersey, New York, Oregon, Pennsylvania and Washington, with interest and attorneys' fees, as provided by law.

## FOURTH CLAIM FOR RELIEF

### (Delay in Payments; Penalties -- State Law Waiting Time/Penalties Sub-Class)

89.     Plaintiffs Jeffrey Bouder, Jim Wang, John Costa, Christine Musthaler, Steven Song, David Uchansky, Alan Scott Rudo, Ryan Holmes, Timothy Munson, Peter Shaw, Christopher Briggs, Joseph Gawron, Sandra King, Julie Sullivan, Michele Otten, Julia Stalla, Michael Todd Hinchliffe and Jason Persinger (the "State Law Waiting Time/Penalties Plaintiffs") repeat and reallege by reference the allegations set forth above, as though set forth herein in full, and allege the following claim for relief under applicable Labor Laws of California, Hawaii, Illinois, Indiana, Michigan, Missouri, Montana, Nevada, Ohio, Oregon and Pennsylvania on behalf of themselves and on behalf of the State Law Waiting Time/Penalties Sub-Class.

90.     The laws of the States and jurisdictions of California, Hawaii, Illinois, Indiana, Michigan, Missouri, Montana, Nevada, Oregon and Pennsylvania provide that when an employee, such as one of the State Law Waiting Time/Penalties Plaintiffs or other member of the State Law Waiting Time/Penalties Sub-Class, is discharged or terminates employment for any reason, and in some states, under other circumstances, the employer must pay the employee all wages due by certain deadlines or waiting time or other penalties are imposed.

### California Waiting Time/Penalties Claims

91.     California Labor Code Section 201(a) states that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.  California Labor Code § 202(a) provides that when an employee not having a

43

written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  Under Section 203, if an employer willfully fails to pay, without abatement or reduction, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.  Further, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period and requires all wages other than salaries to be paid not less than twice a month.  Plaintiffs Jim Wang, John Costa, Christine Musthaler, Steven Song and David Uchansky, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in California were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

### Hawaii Waiting Time/Penalties Claims

92.    Hawaii Revised Statutes ("HRS") Section 388-3(a) provides that an employer must pay a discharged employee's wages in full at the time of discharge or if the discharge occurs at a time and under conditions which prevent an employer from making immediate payment, not later than the working day following discharge.  Section 388-10 allows for civil penalties equal to the amount of unpaid wages and interest at a rate of 6% per year from the date that the wages were due.  Plaintiff Alan Scott Rudo, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Hawaii were not paid all

the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

**Illinois Waiting Time/Penalties Claims**

93.      In Illinois, 820 ILCS 115/5 provides that every employer shall pay the final compensation of separated employee in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.  Further, 820 ILCS 105/12(a) provides that any employee who is paid by his employer less than the wage to which he is entitled may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees as allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.  Additionally, 820 ILCS 120/2 provides that all commissions due at the time of termination of a contract between a sales representative and principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due.  Under 820 ILCS 120/3, the employer shall be liable in a civil action for exemplary damages in an amount which does not exceed 3 times the amount of the commissions owed to the sales representative.  Plaintiffs Ryan Holmes and Timothy Munson, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Illinois were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

**Indiana Waiting Time/Penalties Claims**

94.      Ind. Code Ann. Section 22-2-9-2(a) provides that whenever any employer separates any employee from the payroll, the unpaid wages or compensation of such employee

45

shall become due and payable at the regular pay day for the pay period in which the separation occurred.  Further, Ind. Code Ann. Section 22-2-4-4 provides that every employer who fails for 10 days after demand of payment has been made to pay employees for their labor, shall be liable to such employee for the full value of his labor, to which shall be added a penalty of $1 for each succeeding day, not exceeding double the amount of wages due.  Plaintiff Peter Shaw, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Indiana were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

### Michigan Waiting Time/Penalties Claims

95.     Section 408.475 of the Michigan Compiled Laws ("MCL") provides that an employer shall pay to an employee voluntarily leaving employment or who has been discharged from employment all wages earned and due, as soon as the amount can with due diligence be determined.  Under MCL Section 408.888, an employer who violates the preceding section shall be required to pay a penalty at the rate of 10% annually on the wages and fringe benefits due beginning at the time the employer is notified that a complaint has been filed and ending when payment is made.  Plaintiffs Christopher Briggs and Joseph Gawron, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Michigan were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

### Missouri Waiting Time/Penalties Claims

96.     Section 290.527 of the Mo. Rev. Stat. provides that any employer who pays any employee less wages than the wages to which the employee is entitled shall be liable to such employee for the full amount of the wage rate and an additional equal amount as liquidated

damages, less any amount actually paid to the employee by the employer, plus costs and such reasonable attorney fees as may be allowed by a court or jury and any agreement between the employee and the employer to work for less than the wage rate shall be no defense to an action to recover such sums.  Plaintiff Sandra King and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Missouri were not paid all the wages to which they were entitled and, pursuant to Mo. Rev. Stat. § 290.527, are therefore entitled to liquidated "double" damages, costs and reasonable attorneys fees as provided by law.

### Montana Waiting Time/Penalties Claims

97.     Section 39-3-205(1) of the Montana Code Annotated ("MCA") provides that when an employee separates from the employ of any employer, all the unpaid wages of the employee are due and payable on the next regular payday for the pay period during which the employee was separated from employment or 15 days from the date of separation from employment, whichever occurs first.  MCA Section 39-3-206 provides for penalties against the employer in an amount not to exceed 110% of the wages due and unpaid.  Plaintiff Julie Sullivan, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Montana were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

### Nevada Waiting Time/Penalties Claims

98.     In Nevada, NRS 608.030 provides that whenever an employee resigns or quits his employment, the wages and compensation earned and unpaid at the time of his resignation or quitting must be paid no later than the day on which the employee would have regularly been paid the wages or compensation or seven days after the employee resigns or quits, whichever is

earlier.  NRS 608.020 provides that whenever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately.  Further, NRS 608.040 provides that if an employer fails to pay the wages or compensation of an employee who resigns or quits on the day the wages or compensation becomes due or fails to pay the wages or compensation of a discharged employee within 3 days after the wages or compensation of such discharged employee becomes due, the wages or compensation of the employee continues at the same rate from the day he resigned, quit or was discharged until paid or for 30 days, whichever is less.  Plaintiff Michele otten, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Nevada were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

### Ohio Waiting Time/Penalties Claims

99.     Section 4113.15(A) of the Ohio Revised Code ("ORC") provides that every employer shall, on or before the first day of each month, pay its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month.  ORC Section 4113.15(B) provides that if wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the act making wages payable and no contest, court order or dispute of any wage claim exists accounting for nonpayment, the employer is liable to the employee in an amount equal to 6% of the amount of the claim still unpaid and not in contest or disputed or $200, whichever is greater.  Plaintiff Julia Stalla, and the other members of the

State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Ohio were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

### Oregon Waiting Time/Penalties Claims

100.    Section 652.140(1) of the Oregon Revised Statutes provides that when an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination.  Section 652.140(2) provides that when an employee who does not have a contract for a definite period quits employment, all wages earned and unpaid become due and payable immediately if the employee has given to the employer not less than 48 hours' notice, excluding Saturdays, Sundays and holidays.   Under Section 652.150, if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefore is commenced.  In no case shall the penalty wages or compensation continue for more than 30 days.  Plaintiffs Michael Todd Hinchliffe and Jason Persinger, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Oregon were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

### Pennsylvania Waiting Time/Penalties Claims

101.    The Pennsylvania Wage Payment and Collection Law, WPCL, 43 P.S. Section 260.5 provides that whenever an employee is discharged or terminates employment for any

reason, the employer must pay the employee all wages due not later than the next regular payday on which such wages should otherwise be due and payable.  Furthermore, pursuant to WPCL, 43 P.S. Section 260.10, such employees are entitled to liquidated damages of 25% of the total amount of wages due, or $500, whichever is greater, plus interest and attorneys' fees.  Plaintiff Jeffrey Bouder, and the other members of the State Law Waiting Time/Penalties Sub-Class employed in Covered Positions in Pennsylvania were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

102.    State Law Waiting Time/Penalties Plaintiffs Jeffrey Bouder, Jim Wang, John Costa, Christine Musthaler, Steven Song, David Uchansky, Alan Scott Rudo, Ryan Holmes, Timothy Munson, Peter Shaw, Christopher Briggs, Julie Sullivan, Michael Todd Hinchliffe and Jason Persinger, and many other members of the State Law Waiting Time/Penalties Sub-Class, have terminated their employment with Defendants, but Defendants have not tendered payment and/or restitution of wages owed to them as required by the laws of the States and jurisdictions of California, Hawaii, Illinois, Indiana, Michigan, Montana, Ohio, Oregon and Pennsylvania, and have thereby caused such Plaintiffs and Sub-Class members to suffer damages and are entitled to recover unpaid wages and commissions and penalties and/or liquidated damages according to the laws of the jurisdictions in which they were employed.

103.    Further, Defendants failed to pay wages and commissions when due during the time that Plaintiffs Jeffrey Bouder, Jim Wang, John Costa, Christine Musthaler, Steven Song, David Uchansky, Alan Scott Rudo, Ryan Holmes, Timothy Munson, Peter Shaw, Christopher Briggs, Joseph Gawron, Sandra King, Julie Sullivan, Michele Otten, Julia Stalla, Michael Todd Hinchliffe and Jason Persinger and the other members of the State Law Waiting Time/Penalties

Sub-Class were employed by Defendants and systematically underpaid its employees by holding back a significant portion of commissions for its own purposes to pay others, and then either paying the wages later than the time required by the laws of the States and jurisdictions of California, Hawaii, Illinois, Indiana, Michigan, Missouri, Montana, Nevada, Ohio, Oregon and Pennsylvania, or simply not paying them at all.  Thus, Defendants did not pay the State Law Waiting Time/Penalties Plaintiffs and the other members of the State Law Waiting Time/Penalties Sub-Class all wages due as required by required by the laws of those States and jurisdictions.

104.    Therefore, the State Law Waiting Time/Penalties Plaintiffs demand, on behalf of themselves and the other members of the State Law Waiting Time/Penalties Sub-Class, appropriate penalties, liquidated damages, costs, attorneys' and interest, if applicable, under the laws of California, Hawaii, Illinois, Indiana, Michigan, Missouri, Montana, Nevada, Ohio, Oregon and Pennsylvania, for Defendants' failure to timely pay wages during the State Law Class Periods.

## FIFTH CLAIM FOR RELIEF

### (Failure to Provide Rest and Meal Periods and Violation of

### Unfair Competition Law (Cal. Bus. & Prof. Code §17200)-

### State Law Rest/Meal Periods/Unfair Competition Sub-Class)

105.    Plaintiffs Jim Wang, John Costa, Christine Musthaler, Steven Song and David Uchansky (the "State Law Rest/Meal Period/Unfair Competition Plaintiffs") repeat and reallege by reference the allegations set forth above, as though set forth herein in full, and allege the following claim for relief under the Labor Laws and the Unfair Competition Law of California

on behalf of themselves and on behalf of the State Law Rest/Meal Period/Unfair Competition Sub-Class.

106.    Defendants failed to provide rest and/or meal periods without any work or duties to the State Law Rest/Meal Period/Unfair Competition Plaintiffs or to the other the members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class who worked more than 3 and one half hours per day. By failing to do so, Defendants violated the provisions of California Labor Code 226.7 and Section 12 of Wage Order 4-2001 of the California Industrial Wage Commission (8 CCR 11040(12)).    Therefore, the State Law Rest/Meal Period/Unfair Competition Plaintiffs, on behalf of themselves, and all of the other members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class, are entitled to and seek one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided.

107.    The State Law Rest/Meal Periods/Unfair Competition Plaintiffs further allege that, under Cal. Bus. & Prof. Code § 17204, they are persons who have suffered injury in fact and have lost money or property as a result of Defendants' acts and therefore may bring this action on behalf of themselves and on behalf of all members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class, for Defendants' violations of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

108.    Cal. Bus. & Prof. Code § 17200 provides:

As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1

(commencing with Section 17500) of Part 3 of Division 7 of the Business

and Professions Code.

109.    Cal. Bus. & Prof. Code § 17204 provides that an action for violation of

California's Unfair Competition Law may be brought by persons who have suffered injury in

fact and have lost money or property as a result of such unfair competition.

110.    The unlawful conduct of Defendants alleged in the First, Second, Third and

Fourth Claims for Relief above, and in the above paragraphs of this Fifth Claim for Relief, are

acts of unfair competition under Business & Professions Code §§ 17200, *et seq.*, for which

Defendants are liable for damages and for which this Court should issue equitable and

injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17203.

111.    Unless enjoined, Defendants, and each of them, will continue to fail to pay

wages to members of the State Law Rest/Meal Periods/Unfair Competition Sub-Class, as

required by law.

112.    Therefore, the State Law Rest/Meal Periods/Unfair Competition Plaintiffs

demand, on behalf of themselves and the other members of the State Law Rest/Meal

Periods/Unfair Competition Sub-Class, that Defendants provide compensation of one additional

hour of pay at the employee's regular rate of compensation for each work day that a meal or rest

period was not provided, with interest and attorneys' fees, as provided by law; that Defendants

make full restitution of wages wrongfully withheld and for labor taken without proper

compensation to all employees in Covered Positions in the State of California; that pursuant to

Cal. Bus. & Prof. Code §§ 17200, *et seq.,* the Court enjoin Defendants, and each of them, from

engaging in these, or similar, unlawful business practices; and that Defendants be ordered to

search their records to identify all commissions and wages wrongfully retained or withheld from

or charged to such employees as well as all unpaid commissions they have assessed against such employees, which Defendants shall be ordered to hold in an equitable, constructive and/or resulting trust for the benefit of employees to whom restitution is owed and unpaid, to be paid to each such individuals that the Defendants can locate, with the remainder to be deposited with the California Labor Commissioner as Trustee for the Industrial Relations Unpaid Wage Fund of the State of California, pursuant to California. Labor Code §§ 96.6 and 96.7, with the name, last known address and social security number of each remaining unpaid class member, or, if the Labor Commissioner will not accept these funds, then to the National Employment Lawyers Association (a not for profit organization located in San Francisco, CA, dedicated to promoting the employment rights of workers), in the manner provided by Cal. Bus. & Prof. Code § 384.

## <u>SIXTH CLAIM FOR RELIEF</u>

### (General Assumpsit)

113.    Plaintiff Jeffrey Bouder repeats and realleges by reference the allegations set forth above, as though set forth herein in full and alleges the following claim for relief under the Labor Laws of Pennsylvania on behalf of himself and on behalf of the other members of the State Law Class employed in Covered Positions in Pennsylvania.

114.    Plaintiff Jeffrey Bouder and the other members of the State Law Class employed in Covered Positions in Pennsylvania performed services, work and labor for Prudential for which Prudential agreed to pay in accordance with federal and Pennsylvania law.

115.    Prudential failed to pay Plaintiff Jeffrey Bouder and the other members of the State Law Class employed in Covered Positions in Pennsylvania in accordance with federal and Pennsylvania law for the services, work and labor performed by them for Prudential.

116.     Instead, Prudential has retained and appropriated for itself the payments due and owing to Plaintiff Jeffrey Bouder and the other members of the State Law Class employed in Covered Positions in Pennsylvania resulting from overtime hours worked and expenditures charged to and incurred by Plaintiff Jeffrey Bouder and the other members of the State Law Class employed in Covered Positions in Pennsylvania in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to federal and Pennsylvania law.

117.     Prudential and Defendants are indebted to Plaintiff Jeffrey Bouder and the other members of the State Law Class employed in Covered Positions in Pennsylvania for the services, work and labor performed by Plaintiff Jeffrey Bouder and the other members of the State Law Class employed in Covered Positions in Pennsylvania and for money had and received by Prudential for the use and benefit of Plaintiff Jeffrey Bouder and the other members of the State Law Class employed in Covered Positions in Pennsylvania during the Pennsylvania State Law Class Period until the date of entry of judgment plus interest and attorneys fees in amounts not presently known with specificity.  Plaintiffs pray for leave to amend this Complaint to allege said amounts when the same are ascertained.

WHEREFORE, in accordance with all of the above claims in the First through Sixth Claims for Relief, inclusive, Plaintiffs demand judgment in their favor and in favor of the other members of the Federal Collective Group and the State Law Class, including the State Law Sub-Classes, and against Defendants, individually, jointly and severally, for:

A.     A Declaration that Defendants have violated the FLSA, State Labor Laws and other applicable employment laws;

B.      An Order certifying the Federal Collective Group and designating this action as a collective action pursuant to the FLSA;

C.      An Order certifying the State Law Class and the State Law Sub-Classes and designating this action as a class action pursuant to Fed. R. Civ. P. 23;

D.      An Order appointing Plaintiffs and their counsel to represent the Federal Collective Group, the State Law Class and the State Law Sub-Classes, as defined in this Complaint;

E.      Compensatory damages, including restitution for both regular and overtime compensation due Plaintiffs and the other members of the Federal Collective Group and the State Law Class during the applicable Federal Eligibility Period and the State Law Class Periods, plus interest thereon at the statutory rate;

F.      Restitution and reimbursement to Plaintiffs and the other members of the State Law Charge Back Sub-Class of all employee expenses not reimbursed by Defendants during the relevant State Law Class Periods, including, without limitation: expenses incurred to pay assistants and other employees of Defendants, all commissions charged back to Plaintiffs and the other members of the State Charge Back Sub-Law Class and/or all other monies either unlawfully deducted from wages or required to be paid back directly by Defendants;

G.      An order temporarily, preliminarily and permanently enjoining and restraining Defendants from engaging in similar unlawful conduct as set forth herein;

H.      An order requiring Defendants to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to Plaintiffs and the other members of the Federal Collective Group and State Law Class, including the State Law Sub-Classes;

I.      Imposition of a constructive trust upon the assets of the Defendants to the extent of the sums due to Plaintiffs and the other members of the Federal Collective Group and State Law Class, including the State Law Sub-Classes;

J.      Declaratory relief including declarations setting forth the rights of Plaintiffs and the members of the Federal Collective Group and the State Law Class, including the State Law Sub-Classes, as alleged in this Complaint and setting forth the Defendants' violations of those rights;

K.      Appropriate penalties, as may be applicable, under the laws of the States and jurisdictions of the United States, except for the State of New York (see prayer for relief paragraph N, *infra*), for Defendants' failure to timely pay wages during the State Law Class Periods;

L.      Prejudgment Interest;

M.      Reasonable attorneys' fees, litigation expenses and costs of suit; and

N.      Such other and further relief as the Court deems just and equitable; however, no penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

**Jury Trial Demanded**

**Plaintiffs demand a trial by jury for all matters so triable.**

LAW OFFICES OF JAMES V. BASHIAN, P.C

By:     s/*James V. Bashian*
        James V. Bashian
70 Adams Street, 4th Floor
Hoboken, NJ 07030
Tel:    (973) 227-6330
Fax:    (973) 488-3330

Dated: March 16, 2009

LOVELL STEWART HALEBIAN LLP
John Halebian
Midtown Office

317 Madison Avenue, 21st Floor
New York, NY 10017
Tel:    (212) 500-5010
Fax:    (212) 208-6806
Attorneys for Plaintiffs

Additional Plaintiffs' Counsel:

JERRY K. CIMMET
cimmet@att.net
Attorney at Law
177 Bovet Road, Suite 600
San Mateo, CA  94402
Tel:    (650) 866-4700
Fax:    (650) 866-4770

BARROWAY TOPAZ KESSLER MELTZER
& CHECK, LLP
Gerald D. Wells, III
gwells@btkmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel:    (610) 667-7706
Fax:    (610) 667-7056

JOHN M. KELSON
kelsonlaw@sbcglobal.net
LAW OFFICES OF JOHN M. KELSON
1999 Harrison Street, Suite 700
Oakland, CA 94612
Tel:    (510) 465-1326
Fax:    (510) 465-0871

WINNE, BANTA, HETHERINGTON,
BASRALIAN & KAHN, P.C.
Kenneth K. Lehn
klehn@winnebanta.com
Edward P. D'Alessio
edalessio@winnebanta.com
Court Plaza South
21 Main Street
P.O. Box 647
Hackensack, NJ 07601
Tel:    (201) 487-3800
Fax:    (201) 487-8529