NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BOUDER, et al, | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiffs, | : | **OPINION** |
| vs. | : |  |
|  | : | Civil Action No. 06-CV-4359 (DMC) |
| PRUDENTIAL FINANCIAL, INC., | : |  |
| et al, | : |  |
|  | : |  |
| Defendants. | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Prudential Financial, Inc. and The Prudential Insurance Co. (collectively "Prudential" or "Defendants") to partially dismiss Plaintiffs' Second Consolidated Amended Collective and Class Action Complaint ("CAC") for failure to state a claim upon which relief can be granted. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to dismiss is **granted in part** and **denied in part**.

## I.     BACKGROUND

Jeffrey Bouder, John Costa, Christine Musthaler, Steven Song, David Uchansky, Alan Scott Rudo, Ryan Holmes, Timothy Munson, Peter Shaw, Kelly Gallant, Gerard Rousseau, Christopher Briggs, Joseph Gawron, Sandra King, Julie Sullivan, Michele Otten, Vincent Camissa, Edward Lennon, Goran Oydanich, Robert Paventi, Alex Tejada, Julia Stalla, Michael Todd Hinchliffe, Jason Persinger, Tracy Chosa, and Jim Wang (collectively "Class Representatives" or "Plaintiffs") invoke federal question jurisdiction,  28 U.S.C. § 1331, pursuant to the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 216(b), and supplemental jurisdiction, 28 U.S.C. § 1367, arising pursuant to the laws of fifteen different states, including California, Hawaii, Illinois, Indiana, Massachusetts, Michigan, Missouri, Montana, Nevada, New Jersey, New York, Ohio, Oregon, Pennsylvania and Washington. On March 27, 2008, this Court granted Plaintiffs' motion requesting conditional class certification. On March 16, 2009, Plaintiffs filed an amended complaint, referred to above as the CAC.  Pursuant to the CAC, Plaintiffs asserted Six Claims for Relief, including: (1) First Claim for Relief ("Restitution for Failure to Pay Overtime to the Federal Collective Group - Violation of FLSA Section 207"); (2) Second Claim for Relief ("Failure to Pay Overtime to Members of the State Law Class); (3) Third Claim for Relief ("Impermissible Deductions and Charge Backs - State Law Charge Back Sub-Class"); (4) Fourth Claim for Relief ("Delay in Payments; Penalties - State Law Waiting Time/Penalties Sub-Class"); (5) Fifth Claim for Relief ("Failure to Provide Rest and Meal Periods and Violation of Unfair Competition Law (Cal. Bus. & Prof. Code Section 17200) - - State Law Rest/Meal Periods/Unfair Competition Sub-Class"); and (6) Sixth Claim for Relief ("General Assumpsit").

## II.   LEGAL STANDARD

### A.   *Motion to Dismiss*

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,  550 U.S. 544, 555 (2007).  "[A court is]

not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell, 550 U.S. at 555-56.

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . .claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Bell, 550 U.S. at 555-56).

B.     Motion to Strike

On its own initiative or upon motion, "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored." DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 429 (E.D. Pa. 2007); see North Penn Transfer v. Victaulic Co., 859 F. Supp. 154, 158 (E.D. Pa. 1994).  "Indeed, striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.'" Id. "The Court has 'considerable discretion' in disposing of a motion to strike under Rule 12(f)." Id.  "To prevail, the moving party must demonstrate that 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues.'" Id. (citing River Road Dev. Corp. v. The Carlson Corp.-Northeast, 1990 U.S. Dist. LEXIS 6201 (E.D. Pa. May 23, 1990)).  "Motions to strike are to be decided 'on the basis of the pleadings alone.'" North Penn, 859 F. Supp. at 159.

C.      *Leave to Amend*

Pursuant to Fed. R. Civ. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  "The court should freely give leave when justice so requires."  Id.  "[I]n the event a complaint fails to state a claim, unless amendment would be futile, the [d]istrict [c]ourt must give a plaintiff the opportunity to amend her complaint."  Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (reversing a district court decision where the court failed to conform with the foregoing mandate).

**III.    ANALYSIS**

A.      *Second Claim for Relief Under Nevada State Law*

Defendants move to dismiss claims raised in Plaintiffs' Second Claim for Relief under Nevada state law because, Defendants allege, there is no private right of enforcement under Nevada wage and hour laws. Relying on Baldonado v. Wynn Las Vegas, LLC, Defendants contend that pursuant to the Nevada Revised Statutes, the Nevada Labor Commissioner is vested with the exclusive right of enforcement concerning a failure to pay overtime wages.  94 P.3d 96, 102 (Nev. 2008).

By contrast, Plaintiffs assert that the Baldonado decision is limited in scope, pertaining exclusively to the statutory provision concerning unlawful deduction of tips or gratuities pursuant to Nev. Rev. Stat. § 608.160.  Id.  Further, Plaintiffs argue that Baldonado does not explicitly address overtime violations under Nev. Rev. Stat. § 608.018 and indeed, a private right of action to recover unpaid wages arises pursuant to Nev. Rev. Stat. § 608.140.

In Baldonado, the Nevada Supreme Court declines to recognize a private right of action pursuant to Nev. Rev. Stat. § 608.160, but identifies at least two provisions as explicitly conferring a private right of action, including "NRS 608.140 (civil actions by employees to recoup unpaid

wages) and NRS 608.150 (civil actions by the district attorney to recoup unpaid wages from general contractors)." Id at 105 n.33; see U.S. Design & Construction v. I.B.E.W. Local 357, 50 P.3d 170 (Nev. 2002). Further, Lucas v. Bell indicates that "NRS 608.140 demonstrates that there is a private right of action in NRS 608 for unpaid wages." 2009 U.S. Dist. LEXIS 72549, *23-24 (D. Nev. June 24, 2009). Moreover, Nev. Rev. Stat. § 608.260 explicitly confers a private right of action, permitting an employee to institute a civil suit to recover the difference between an amount paid to the employee and the designated minimum wage. Id. at *15. Although the parties appear to conflate the distinction between individual statutory provisions concerning wages and overtime, unpaid wage recovery exists as a private right of enforcement while compensation for overtime is distinguishable.

"Nevada's overtime compensation statute, NRS 608.018. requires an employer to 'pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate' works '[m]ore than 40 hours in any scheduled week of work' or '[m]ore than 8 hours in any workday, unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.'" Id. (citing Nev. Rev. Stat. § 608.018). While the Lucas case does not expressly address the presence or absence of a private right of action pursuant to Nev. Rev. Stat. § 608.018, the court indicates that unlike Nev. Rev. Stat. § 608.250 and its companion provision Nev. Rev. Stat. § 608.260, a civil remedy provision does not accompany Nev. Rev. Stat § 608.018. Id. at *24.

In the absence of case law by the Nevada Supreme Court addressing whether a private right of action exists pursuant to Nev. Rev. Stat. § 608.018, the Baldonado case provides an analytical framework for purposes of ascertaining the existence of an implied private right of action. "Whether a private cause of action can be implied is a question of legislative intent." Baldonado, 194 P.3d at 101. "To ascertain the Legislature's intent[,] in the absence of plain, clear language, we examine

the entire statutory scheme, reason and public policy." Id. The Baldonado case appears to adopt three factors articulated by the Supreme Court of the United States, including:

> (1) whether Plaintiffs are of the class for whose [e]special benefit the statute was enacted;
>
> (2) whether the legislative history indicates any intention to create or to deny a private remedy; and
>
> (3) whether implying such a remedy is consistent with the underlying purposes of the legislative scheme.

Id. "[T]he determinative factor is always whether the Legislature intended to create a private judicial remedy" and, as a consequence, the foregoing considerations are not afforded equal weight. Id. "Without this intent, the U.S. Supreme Court has stated, 'a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id. "[T]he absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." Id.

Concerning the first factor, "[s]tatutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" Id. at 102 n.12 (citing Alexander v. Sandoval, 532 U.S. 275 (2001)). Nev. Rev. Stat. § 608.018 focuses on the duty imposed upon the employer. With regard to the second factor, the Nevada Advance Legislative Service indicates that "any disputes concerning the application of state overtime provisions to those employees are within the jurisdiction of the Nevada Labor Commissioner." 2005 Nev. ALS 488. "[W]hen an administrative official is expressly charged with enforcing a section of laws, a private cause of action generally cannot be implied." Baldonado, 194 P.3d at 102 (internal citations omitted). Lastly, with respect to the third factor, the omission of express language indicative of a right of enforcement or civil remedy appears to disfavor the

conclusion that a private right of action exists.[1]  Similar to <u>Baldonado</u>, this Court concludes that "in light of the statutory scheme requiring the Labor Commissioner to enforce the labor statutes and the availability of adequate administrative remedy for those statutes' violations," no parallel private remedy exists with respect to Nev. Rev. Stat. § 608.018.  <u>Id</u>.

Notably, a party is not left without judicial recourse.  Upon expiration of the requisite thirty-day period following the Labor Commissioner's final disposition, the decision may be challenged "by way of a district court petition for judicial review, and the district court may hold a trial de novo thereupon."  <u>Id</u>. at 103.  "Ordinarily, before availing oneself of district court relief from an agency decision, one must first exhaust administrative remedies."  <u>Malecon Tobacco, LLC v. State ex rel. Dep't of Taxation</u>, 118 Nev. 837, 839 (2002).  There are two exceptions to this exhaustion requirement.  "First, the court has discretion not to require exhaustion when the issues 'relate solely to the interpretation or constitutionality of a statute."  <u>Id</u>.  "Second, exhaustion is not required when resort to administrative remedies would be futile."  <u>Id</u>.  At this juncture, the Court cannot entertain a claim pursuant to Nev. Rev. Stat. § 608.018.  Defendants' motion to dismiss Plaintiffs' Second Claim for Relief pursuant to Nevada state law is **granted**.

     B.    *Third Claim for Relief Under Michigan State Law*

Defendants contend that Plaintiffs' Third Claim for Relief under Michigan state law should

---

[1]

By contrast, other statutory provisions excluded from the purview of the Nevada Labor Commissioner explicit language concerning the ability to bring suit.  For example, Nev. Rev. Stat. § 608.260 provides the following: "If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the labor commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover . . ."  Similarly, Nev. Rev. Stat. § 608.140 provides "[w]henever [an] employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish by decision of the court or verdict of the jury that the amount for which he has brought suit is justly due .. ."

be dismissed because Plaintiffs failed to exhaust administrative remedies and failed to comply with a threshold filing requirement of the Michigan Wage and Fringe Benefits Act ("WFBA"). Mich. Comp. Laws § 408.481 indicates that "an employee who believes his or her employer has violated this act may file a written complaint with the department within 12 months after the alleged violation." Although Defendants concede that the principle requiring exhaustion of administrative remedies is not applicable to common law claims, see Conrad v. Rofin-Sinar, 762 F. Supp. 167, 172 (E.D. Mich. 1991), Defendants contend that Plaintiffs have failed to assert a common law claim, in isolation or together with the Michigan WFBA claims.

By contrast, Plaintiffs contend the language of Mich. Comp. Laws § 408.481 must be read as permissive rather than mandatory. In the alternative, Plaintiffs allege that assertion of a common law claim for breach of contract against an employer obviates the alleged need to exhaust administrative remedies.

It is not entirely clear whether Mich. Comp. Laws § 408.481 requires initial administrative review. See Murphy v. Sears, Roebuck and Co., 190 Mich App. 384, 386-87 (1991); compare Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 266 (6th Cir. 1990). In Duncan v. Rom Mil-Spec Computers, 917 F.2d 261, 266 (6th Cir. 1990), the Sixth Circuit Court of Appeals held that the word "may" is to be interpreted as "shall" in the context of the Act. However, in Stubl v. T.A. Sys., 984 F. Supp. 1075 (S.D. Mich. 1997), the United States District Court for the District of Michigan, Southern Division indicated the following:

> [T]wo subsequent Michigan appellate decisions directly contradict *Duncan*. [see Faulkner v. Flowers, 206 Mich. App. 562, 569 (1994); Murphy v. Sears, Roebuck & Co., 190 Mich. App.384, 387 (1994)]. Where a federal court's interpretation of state law is specifically contradicted by a subsequent state appellate court ruling, the federal district court should adopt the state court's interpretation. Nussbaum v. Mortgage Service America, 913 F. Supp. 1548 (S.D. Fl. 1995) [internal citation omitted]. Therefore, although this Court is generally bound by relevant Sixth Circuit precedent construing Michigan law (*Conrad's* analysis notwithstanding), it is not so

bound when subsequent Michigan appellate law is to the contrary, unless it is persuaded that the Michigan Supreme Court would rule the same way as the Sixth Circuit.

The common meaning of the word "may" is to "have the ability to" or "have permission to." The very essence of the word indicates a permissive or discretionary act, not a mandatory one. Though the Court understands that in extraordinary circumstances the word "may" is interpreted to mean "shall," the Court finds no such circumstance in this Michigan statute. For these reasons, the Court holds Mr. Stubl need not exhaust his available administrative remedies before commencing suit in this Court.

In the Plaintiffs' CAC, Paragraph 33 of the Third Claim for Relief alleges that the deductions were "not for the benefit of the employees, not authorized by law, and/or not of the similar type of deductions allowable under the statutes, and said deductions further breached the written contracts of employment." Therefore, with respect to the Michigan members of the unlawful wage deduction subclass, requiring Plaintiffs to exhaust administrative remedies where a claim for unlawful wage deduction premised on a common law claim for breach of contract remains, seems cumulative and unnecessary.  This Court declines to dismiss the Plaintiffs' Third Claim for Relief with respect to Michigan law.  Defendants motion to dismiss claims asserted in the Plaintiffs' Third Claim for Relief on this ground is **denied**.

C.    *Fourth Claim for Relief Under Indiana State Law, Michigan State Law and Nevada State Law*

i. Wage Payment Penalty Claim Under Indiana State Law

With respect to named Plaintiff and class representative Peter Shaw, Defendants argue that the two-year statute of limitations governing wage payment penalties, Ind. Code. Ann. §§ 34-11-2-1, 34-11-2-9, 22-2-9-2(a), has expired.  As a result, Defendants claim, the wage payment penalty claims pursuant to Indiana state law must be dismissed because the named class representative lacks standing.  Further, in response to Plaintiffs' opposition to this motion to dismiss, Defendants contend that

Plaintiffs' CAC has not adequately pled a claim for breach of contract.

Contending that the wage payment penalty claims are not time barred, Plaintiffs assert that the applicable statute of limitations pursuant to Ind. Code Ann. §§ 34-11-2-9, 34-11-2-11 is either six years or ten years, respectively, not two years pursuant to Ind. Code Ann. § 34-11-2-1. Plaintiffs argue that the alleged wage payment penalty claims are based on written employment contracts with Prudential. Plaintiffs cite to Paragraph 33 in the Factual Allegations section and Paragraph 86 in the Third Claim for Relief.[2] [3]

"A statute of limitations does not commence to run until a cause of action accrues, and 'a cause of action invariably accrues when there is a remedy available.'" Shideler v. Dwyer, 275 Ind. 270 (1981) (citations omitted). In a claim for breach of contract, the cause of action accrues at the time of breach. Meisenhelder Zipp Express Inc., 788 N.E.2d 924, 928 (Ind. App. 2003). Ind. Code Ann. § 34-11-2-1 provides the following:

> An action relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of.

---

[2]

Paragraph 33 indicates that "Plaintiffs and the other members of the Federal Collective Group and the State Law Overtime Sub-Class were employed by Prudential as registered representatives pursuant to written contracts and routinely worked and/or work more than 40 hours per week, but were paid by Defendants on a commission basis without any premium overtime pay as required by law."

[3]

Paragraph 86 presents the following: The described deductions violate the laws of California, Hawaii, Illinois, Indiana, Michigan, New Jersey, New York, Oregon, Pennsylvania and Washington, including, without limitation, California Labor Code § 2802(a), HRS 388-6, 820 ILCS 115/9; Indiana Code Ann, § 22-6-2; MCL 408.477(1); New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4; N.Y. Lab. Law Art. 6 §193; ORS §652.610(3); PWPCL, 43 P.S. § 260.3; and RCWA 549.52.050, because they are not for the benefit of the employees, not authorized by law, and/or not of the similar type of deductions allowable under the statutes, and said deductions further breached the written contracts of employment with the State Law Charge Back Plaintiffs and the other members of the State Law Charge Back Sub-Class employed in Covered Positions in Indiana and Michigan under the laws of those states.

The foregoing exception for "written contract" has been interpreted by the Indiana Court of Appeals as meaning "written employment contract." Knutson v. UGS Corp., 526 F.3d 339, 340 (7th Cir. 2008) (citing United Auto Workers v, Hoosier Cardinal Corp., 383 U.S. 696, 705-06 (1966)). By contrast, "Indiana has a two-year statute of limitations for breach of oral employment contract claims." Jones v. Merchants Nat'l Bank & Trust Co., 42 F.3d 1054, 1057 n.3 (7th Cir. 1994). Ind. Code Ann. § 34-11-2-9 provides the following, "[a]n action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues. . ." Alternatively, "[a]n action upon contracts in writing other than those for the payment of money, and including all mortgages other than chattel mortgages, deeds of trust, judgments of courts of record, and for the recovery of the possession of real estate, must be commenced within ten (10) years after the cause of action accrues." Ind. Code Ann. § 34-11-2-11.

Paragraph 86 expressly premises alleged unlawful deductions upon breach of contract, but does not assert a general breach of contract claim beyond that specific contention. Paragraph 33 indicates that employees were employed pursuant to written employment contracts, but appears to condition the duty to pay overtime on a violation of law rather than contract. While the pleading standard is liberal and all inferences will be drawn in favor of the Plaintiffs, in light of the complexity of this matter, this Court cannot infuse the complaint with a general breach of contract claim. Therefore, in the absence of a breach of contract claim, the statute of limitations has expired with respect to the wage payment penalty claims as alleged under Indiana state law. Nonetheless, to the extent Plaintiffs have a viable breach of contract action, they will be permitted leave to amend the CAC accordingly. Defendants' motion to dismiss Plaintiffs' Fourth Claim for Relief on this ground is **granted**.

      ii.    Wage Payment Penalty Claim Under Michigan State Law

Defendants move to dismiss Plaintiffs' Fourth Claim for Relief, concerning delay in payment

and penalties, for a failure to exhaust administrative remedies.  Plaintiffs argue that requiring the exhaustion of administrative remedies alongside a civil action litigating the same issue under breach of contract is cumulative and unnecessary.  In the absence of a of general breach of contract claim, even incorporation by reference of Paragraphs 33 and 86 is not sufficient to infuse the Fourth Claim for Relief with a breach of contract claim.  Assuming without concluding Plaintiffs assert a viable breach of contract cause of action, then exhaustion of administrative remedies is cumulative and unnecessary.  However, in the event that Plaintiffs fail to state a viable breach of contract claim, this Court affords weight to the more recent case law interpretation defining the word "may" as permissive.  See Stubl v. T.A. Sys., 984 F. Supp. 1075 (S.D. Mich. 1997).

Nonetheless, this Court permits the Plaintiffs leave to amend the complaint, to the extent that there is a viable breach of contract claim in this matter.  Defendants' motion to dismiss Plaintiffs' Fourth Claim for Relief on this ground is **denied.**

### iii.   Wage Payment Penalty Claim Under Nevada State Law

Defendants move to dismiss Plaintiffs Fourth Claim for Relief pursuant to Nevada state law.  Plaintiffs' Fourth Claim for Relief contends that Defendants failed to comply with Nev. Rev. Stat. §§ 608.020, 608.030, 608.040.  Pursuant to Nev. Rev. Stat. § 608.020, "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."  Under Nev. Rev. Stat. § 608.030, "[w]henever an employee resigns or quits his employment, the wages and compensation earned and unpaid at the time of his resignation or quitting must be paid no later than: 1) the day on which he would have been paid the wages or compensation; or 2) seven days after he resigns or quits, whichever is earlier."  Further, Nev. Rev. Stat. § 608.040 provides, "[i]f an employer fails to pay: (a) [w]ithin three days after the wages or compensation of a discharged employee becomes due; or (b) [o]n the day the wages or

compensation is due to an employee who resigns or quits, the wages or compensation continues at the same rate from the day he resigned, quit or was discharged until paid for 30 days, whichever is less."

"Chapter 608 [ ] contains a private right of action for unpaid wages in NRS 608.018, NRS 608.020 and NRS 608.040." Lucas, 2009 U.S. Dist. LEXIS at *12.  In the absence of case law addressing the existence of a private right of action pursuant to Nev. Rev. Stat. § 608.030, this Court will apply the foregoing Baldonado framework to ascertain whether an implied private right of action may be inferred from the statute.  Of relevance to the Baldonado analysis is an opinion promulgated by the Nevada Attorney General.  According to the Nevada Attorney General, "NRS 608.040 must first be read in conjunction with NRS 608.020 and 608.030, since all three statutes were passed together in 1919."  1994 Nev. AG LEXIS 25.  "These three statutes read together create a set of general rules regarding the timing of payment of wages when employment ceases and when a penalty can be imposed if those general rules are breached."  Id.  "The general timing rules simply state[,]" as follows:

> (1) If an employee is fired, his wages become immediately due and payable (NRS 608.020), but no penalty will be imposed upon an employer so long as he pays the wages due within three days after the firing (NRS 608.040(1)(a)); and
>
> (2) If an employee resigns or quits, his wages become due and payable at the earlier of either seven days after he quits (NRS 608.030(2)) or his regular pay day (NRS 608.030(1)), and the penalty will be imposed upon the employer should he fail to timely pay wages according to the applicable payment date.

Id.

Although Nev. Rev. Stat. § 608.030 appears to focus on the employer regulation, the Nevada Attorney General's opinion requires the three provisions to be read in conjunction.  In heeding the Nevada Attorney General's opinion and looking to the provisions collectively, an intent to create a private remedy seems apparent.  Further, a reading to the contrary, denying the existence of a private right of action pursuant to Nev. Rev. Stat. § 608.030, seems inconsistent with the underlying purpose

of the legislative scheme as interpreted by the Nevada Attorney General.  In light of the Attorney General's opinion, the absence of case law to the contrary and the viability of the claims asserted pursuant to provisions §§ 608.020, 608.040, this Court declines to partially dismiss the Fourth Claim for Relief with respect to the Nevada Plaintiffs.   Defendants motion to dismiss on this ground is **denied**.

### D.      Motion to Strike Time Barred Claims

Defendants move to strike Plaintiffs' claims under Illinois, Indiana, Massachusetts, Michigan, Montana, New Jersey and Ohio as time barred under each state's respective statute of limitations.   In the alternative, Defendants motion may be read as seeking to dismiss claims premised on events or conduct occurring outside of the respective states' statutes of limitations.  In a motion to strike, the moving party must make at least two showings.  First, the challenged allegations must be unrelated to the pleader's claims.  Poole v. Taylor, 466 F. Supp. 2d 578, 583 (D. Del. 2006).  Second, the moving party must be prejudiced by permitting those allegations to remain in the pleading.  Id.  Defendants move to strike allegations challenged as time barred, however, it is unclear whether the basis for striking such material is redundancy, immateriality, impertinence or scandalousness.   None of Defendants' arguments satisfy the foregoing threshold requirements for purposes of a motion to strike. Nonetheless, this Court will assess Defendants' arguments in accordance with the dismissal argument, as articulated in the point heading.

### i.      Illinois Statute of Limitations

Defendants contend that alleged violations of Illinois Minimum Wage Act ("IMWA") arising before December 15, 2005 should be stricken from the CAC.  Defendants assert that claims relating to overtime wage violations, arising under 820 III Comp. Stat § 105/12(a), are subject to a three-year

statute of limitations. By contrast, the Illinois Wage Payment Act, 820 Ill. Comp. Stat. §§ 115/5, 115/9, and the Illinois Sales Representative Act, 820 Ill. Comp. Stat. § 120/2, each provide a five-year statute of limitations governing the unlawful wage deduction and delay claims. Defendants contend that Plaintiffs' CAC recognizes a state law class that is overly broad, conflating the different statutory periods.

Plaintiffs concede that the overtime claims are subject to a three-year statute of limitations as recited in 820 Ill Comp. Stat § 105/12(a). At the same time, Plaintiffs assert that members of Illinois subclass fall into the latter category above and, as a result, those members are entitled to the longer statute of limitations. Therefore, Plaintiffs propose to amend the paragraph 5(b)(iv) to reflect this distinction as follows: "(iv) all individuals, employed by Prudential in Covered Positions in the State of Illinois at any time since December 15, 2005 with respect to overtime claims and since December 15, 2003 with respect to other claims."

The parties are in agreement as to the applicable statute of limitations with respect to the Illinois subclass. Plaintiffs will be granted leave to amend the foregoing paragraph in order to accommodate the distinction in statutes of limitations. Therefore, Defendants' motion is **granted**.

ii.    Indiana Statute of Limitations

With respect to Indiana, Defendants contend that any claims under the CAC arising before December 15, 2006 should be stricken as time barred. Again, Plaintiffs counter that the applicable statute of limitations where there is a parallel breach of contract claim is six years.

As articulated above, the applicable statute of limitations with respect to a written employment contract under Indiana state law is six years. With respect to claims arising from breach of an oral employment contract, the applicable statute of limitations is two years. To the extent that a viable

breach of contract claim exists, Plaintiffs are permitted leave to amend the CAC.   Therefore, Defendants' motion on this ground is **granted**.

iii.    Massachusetts Statute of Limitations

With respect to Massachusetts, Defendants contend that the applicable statute of limitations is two years pursuant to Mass. Ann. Laws ch. 151, § 20A.   Thus, according to Defendants, all claims arising before December 15, 2006 are time barred with respect to Massachusetts Plaintiffs.

Plaintiffs counter that the two-year statute of limitations is inapplicable to claims arising out of a common law contractual employment relationship. Plaintiffs point to Spears v. Miller, 2006 Mass. App. Div. 151 (2006), arguing that "Massachusetts recognizes that a claim for overtime based on a common law action for breach of an employment contract, implied or otherwise, is an appropriate alternative to the statutory remedy and such common law action is subject to a 6-year statute of limitations, rather than the 2-year statute of limitations of Mass. Ann. Laws ch. 151, § 20A."   In the Spears case, the Massachusetts Appellate Division permitted a common law breach of contract claim where the complaint, although silent with respect to the precise employment arrangements, contained allegations that there was an "agree[ment] to pay" "legally mandated overtime pay."   Id.   Further, unpaid wage claims, as noted in the Spears decision, are subject to a three-year statute of limitations. Id. at 151 n.4.

Further, Plaintiffs argue that the Spears decision has previously been interpreted by defense counsel as meaning,

> unlike some other employment-related statutes, the overtime pay statute is not an employee's exclusive remedy, and, therefore, the plaintiffs may use contractual claims to recover unpaid overtime. [ ] [T]he [c]ourt found that the plaintiffs clearly were not seeking a statutory remedy under Chapter 151 because they only sought to recover the unpaid overtime, not the additional penalties of treble damages and attorneys' fees available under the statute.   Moreover, the [c]ourt found that the plaintiffs' simple

allegation that the employer 'agreed to pay legally mandated overtime' was sufficient to ground an express contract claim.[4]

Accordingly, Plaintiffs contend that the allegations of fact asserted in paragraphs 33-36, 70 and 71 of the CAC are sufficient to support a breach of contract claim with respect unpaid overtime wages.

To reiterate, Paragraph 33 indicates that Plaintiffs are "registered representatives pursuant to written contracts and routinely worked and/or work more than 40 hours per week, but were paid by Defendants on a commission basis without any premium overtime pay as required by law." In the instant matter, similar to the <u>Spears</u> case, this Court found a breach of contract claim with respect to the unlawful deduction where the language of the CAC in Paragraph 86, "and said deductions further breached the written contracts of employment," at least in part, was explicitly premised on breach of contract.  However, with respect to the overtime subclass, unlike <u>Spears</u>, the CAC fails to underscore particular language evidencing an agreement to pay overtime.  Instead, Plaintiffs complaint appears to premise the failure to pay on a violation of law.  Where parallel statutory and contractual breach remedies exist, Defendants should at least have fair notice as to what they will be litigating.

Nonetheless, Plaintiffs are granted leave to amend the complaint to the extent there is a viable breach of contract claim.   Therefore, Defendants' motion on this ground is **granted**.

    iv.   <u>Michigan Statute of Limitations</u>

Defendants move to dismiss CAC allegations arising prior to December 15, 2007 for failure to comply with the requisite filing deadline as required by Mich. Comp. Laws §§ 408.477(5), 408.481(1). Plaintiffs assert that the requirement for administrative exhaustion is cumulative and unnecessary where

---

[4] *http://www.seyfarth.com/index.cfm/fuseaction/news_pub.news_pub_html/object_id/8f80918f-daaf-4f5b-96f0-4d2a0c19c342.*

a claim for common law breach of contract is also present.  Accordingly, Plaintiffs allege that the threshold administrative filing deadline is inapplicable.  Above this Court granted partial dismissal of Plaintiffs' Fourth Claim for Relief with respect to Michigan Plaintiffs for failure to exhaust administrative remedies.  Further, in light of the complexity of the instant matter, this Court granted leave to amend the complaint in order to assert a concrete  breach of contract claim. Therefore, Defendants' motion on this ground is **denied**.

       v.    <u>Montana Statute of Limitations</u>

Defendants move to strike Montana state law unpaid wage claims that exceed the two-year recovery period provided in Mon. Code Ann. § 39-3-207(2).  The parties do not dispute that a five-year statute of limitations period is the applicable to the Montana Plaintiffs.   Plaintiffs contend that proper application of the MCA § 39-3-207(3) permits a three-year recovery period, rather than two years.

Montana Code Annotated § 39-9-207 "defines the period within which an employee may recover wages and penalties[,]" providing:

> (1)  An employee may recover all wages and penalties provided for the violation of 39-3-206 by filing a complaint within 180 days of default or delay in the payment of wages.
>
> (2)   Except as provided in subsection (3), an employee may recover wages and penalties for a period of 2 years prior to the date on which the claim is filed if the employee is still employed by the employer or for a period of 2 years prior to the date of the employee's last date of employment.
>
> (3)   If an employer has engaged in repeated violations, an employee may recover wages and penalties for a period of 3 years from the date on which a claim is filed if the employee is still employed by the employer or for a period of 3 years prior to the date of the employee's last date of employment.

 The applicable recovery is relevant with respect to damages.   However, in the instant matter, the issue presented is whether a claim for liability exists, not the measure of recovery.  Therefore, Defendants' motion is premature and on this ground is **denied**.

vi.     New Jersey Statute of Limitations

The parties agree that New Jersey law is silent with respect to the applicable statute of limitations for unlawful wage deduction claims. However, the parties disagree concerning the temporal scope of an appropriate statute of limitations. Defendants argue that because the penalty imposed for a violation of N.J.S.A. § 34:11-4.10 is a disorderly persons offense, the Court should adopt a one-year statute of limitations pursuant to the criminal code provision governing disorderly persons offenses, N.J.S.A. § 2C:1-6(b)(2).  As a result, Defendants contend that all claims arising before December 15, 2007 should be stricken.  By contrast, Plaintiffs assert that the Court should adopt the six-year statute of limitations pursuant to N.J.S.A. § 2A:14-1, governing civil actions sounding in tort and contract.

This is not a criminal action and this case does not involve prosecution.  Accordingly, the incorporation by reference of the one-year statute of limitations for disorderly persons offenses as defined in the New Jersey Criminal Code is not appropriate.

Neither party points the Court to relevant case law suggesting how to ascertain the appropriate statute of limitations.  Indeed, in this respect, New Jersey case law gives rather limited guidance.  In Lavin v. Board of Education, the Supreme Court of New Jersey addressed somewhat similar circumstances.  90 N.J. 145 (1982).  In Lavin, the plaintiff, a teacher, filed a claim for retroactive application of salary increments that she claimed entitlement to as a product of her previous military service.  There, the Court assessed the applicable statute of limitations by virtue of whether the underlying claim arose as a consequence of the teacher's employment contract or as the product of a statutory entitlement, separate and apart from the employment contract.  The Court reasoned,

> Whether the benefit flowing from a statute is to be considered a statutory entitlement or a term of the public employee's contract of employment depends upon the nature of the benefit and its relationship to the employment. Stating the problem in terms of incorporation in the employment contract or as a statutory benefit begs the question.

Rather, attention should be directed to the purpose of the statute and its relevance and materiality to the employment.

[In Miller,] the dollars fixed in the statute were directly related to the services to be rendered.[5] The implicit incorporation of such a provision in the employment contract was appropriate, since it went to the essence of the contract, namely, rate of pay for services to be performed. The only purpose of the statute was to fix the pay for prison guards.

Where the benefit is not directly related to the employment service, but is being awarded for a totally unrelated reason, the recipient is truly the beneficiary of a statutory entitlement quite apart from the employment as such.

Id. at 149-50.  The Court found that the emolument constituted a reward for military services rendered. "Accordingly, the payment should be considered as a statutory entitlement, rather than as an element of the employment contract. That being so, the statute of limitations is inapplicable." Id. at 151. Ultimately, the court disposed of the foregoing claim under the doctrine of laches. Nonetheless, the case is instructive.

In the present action, the recovery for unlawful wage deduction does not exist as a benefit separate and apart from the employment relationship at issue. Indeed, the payment of wages may be considered subject to implicit incorporation into the employment contract. In the absence of an explicit statute of limitations, the adoption of the breach of contract six-year statute of limitations seems appropriate with respect to New Jersey unlawful wage deduction claims. Accordingly, Defendants motion to dismiss on this ground is **denied.**

---

[5]

Miller v. Board of Chosen Freeholders Hudson County, 10 N.J. 398 (1952) (Where a prison guard was only paid $1,700 per annum, although the law created a statutory entitlement to $2,000 per annum, the court held that a six-year statute of limitations was applicable because the claim was contractual in nature and the statute was deemed to be incorporated in the contract).

vii.     Ohio Statute of Limitations

Defendants contend that Plaintiffs overtime claims are subject to a two-year statute of limitations pursuant to Ohio Rev. Code Ann. § 2305.11(A).  With respect to overtime claims, Plaintiffs concede that Defendants' argument appears to have merit; however, Plaintiffs seek leave to amend the CAC in order to reflect the distinction among the individual members of the Ohio State Law Class.  Plaintiffs will be granted leave to amend with respect to the Ohio members of the overtime subclass.  Defendants' motion to dismiss on this ground is **granted**.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and motion to strike pursuant to Fed. R. Civ. P. 12(f) is **granted in part** and **denied in part**.


                                                        /s/ Dennis M. Cavanaugh
                                                        Dennis M. Cavanaugh, U.S.D.J.

Dated:        December 2, 2009
Original:     Clerk
cc:           All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File