NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFFREY BOUDER, *et al.*,

                    **Plaintiffs,**

v.

PRUDENTIAL FINANCIAL, INC., THE
PRUDENTIAL INSURANCE COMPANY
OF AMERICA, *et al.*,

                    **Defendants.**

Civil Action No. 06-4359 (DMC)

OPINION

FALK, U.S.M.J.

    Before the Court is Defendants' motion to strike the expert report and preclude the testimony of David M. Denmark submitted by Plaintiffs in opposition to Defendants' pending motion for summary judgment. [CM/ECF No. 182.] Plaintiffs have opposed the motion. [CM/ECF No. 193.] Oral argument was not heard. Fed. R. Civ. P. 78(b). For the reasons that follow, Defendants' motion is **granted**.

## BACKGROUND

    This is a collective action for overtime premium pay brought by current and former Prudential insurance agents pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").[1] In addition to the collective action, this case is also comprised of a number of

---

[1] Pending before District Judge Cavanaugh is a motion to decertify the FLSA collective action. See CM/ECF No. 147.

putative Rule 23 sub-class actions brought pursuant to the labor laws of thirteen states and premised on the existence of federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), codified at 28 U.S.C. §§ 1332, 1446, and 1453, and/or supplemental jurisdiction under 28 U.S.C. § 1367.

The operative complaint alleges that Prudential has misclassified Plaintiffs as exempt from the FLSA and each of the thirteen states' labor laws. (Am. Compl. ¶¶ 2-3.) The primary disputes are whether Plaintiffs qualify for the "outside sales" exemption or the "white collar" exemptions to the federal and state laws. (Id. ¶ 3.) Due to the unique nature of the case, the Court has entered scheduling orders dividing the case into phases --- the FLSA aspect of the case has proceeded first, and the state law claims have been scheduled separately. Relevant here is expert discovery in the FLSA phase of the case.

This Court has entered five scheduling orders relating to expert discovery in the FLSA phase. On June 18, 2008, the Court ordered that all expert reports in the FLSA phase be disclosed by December 5, 2008. Thereafter, four amended scheduling orders were entered, and the final deadline for expert disclosures was December 23, 2009.[2]

Following an in-person conference on January 6, 2010, the Court entered an Amended Scheduling Order closing fact discovery on February 1, 2010, and directing that any dispositive motions relating to the FLSA case be filed on or before February 15, 2010. The deadline for the

---

[2] On October 24, 2008, the deadline for expert reports was extended to March 6, 2009. See CM/ECF No. 87. On February 23, 2009, the deadline was extended to May 5, 2009. See CM/ECF No. 108. On June 23, 2009, the deadline was extended to September 25, 2009. See CM/ECF No. 131. On October 16, 2009, the deadline was extended to December 23, 2009. See CM/ECF No. 133.

disclosure of expert reports, *i.e.*, December 23, 2009, was not changed. Plaintiffs did not disclose an expert during discovery.

On February 15, 2010, Defendant filed a motion for summary judgment on the FLSA claims. On April 5, 2010, Plaintiffs opposed the motion. In connection with their opposition, Plaintiffs filed an expert report prepared by a putative expert, David M. Denmark. Mr. Denmark's report purports to provide expert testimony regarding, among other things: (1) "the customary practices and procedures . . . of a registered representative in the financial services industry . . ."; (2) "whether the specific duties and responsibilities of Prudential Registered . . . Representatives presented in the plaintiffs' declarations . . . accurately reflect the customary practices and procedures relating to the duties and responsibilities of Registered Representatives as required by FINRA"; (3) "whether the specific duties and responsibilities of Prudential Registered Representatives . . . accurately reflect the customary practices and procedures relating to the duties and responsibilities of Registered Representatives as required by FINRA . . . ."; and (4) "whether the specific duties and responsibilities of insurance agents presented in [a Department of Labor letter] . . . accurately reflect the customary practices and procedures relating to the duties and responsibilities of Registered Representatives as required by FINRA."[3]  The primary intent of the Denmark Report is to opine that Plaintiffs' duties are something more than making sales, which is an issue in dispute.

On April 23, 2010, Defendants moved to strike the Denmark Report, arguing that Plaintiffs never identified Mr. Denmark as an expert during discovery, never provided an expert report, and completely failed to comply with Rule 26's expert disclosure requirements. Plaintiffs have opposed

---

[3] Expert Report of David M. Denmark, attached as Exhibit A to the Declaration of Michelle A. Coccagna in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; CM/ECF No. 175-1 (the "Denmark Report").

3

the motion.

**The Parties' Arguments**

Defendants argue that the Denmark Report, and all references to its contents, should be stricken from the record because Plaintiffs have completely failed to comply with Rule 26's expert disclosure requirements. (Defs.' Br. 2.) They argue that Plaintiffs never identified Mr. Denmark as an expert during the period of FLSA discovery, and that the first time the Denmark Report was disclosed was when it was submitted with Plaintiffs' opposition to Defendants' motion for summary judgment in April 2010. (Defs.' Br. 3.) Defendants argue that the prejudice from Plaintiffs' late disclosure cannot be cured absent the reopening of discovery, expert depositions, and delay in resolution of the summary judgment motion. (Id.) Defendants also argue that the Denmark Report should be excluded because Mr. Denmark does not qualify as an expert under Federal Rule of Evidence 702, and because the report also contains net opinion testimony and other improper legal conclusions. (Defs.' Br. 6-8.)

Plaintiffs concede they have not complied with Rule 26 and do not dispute that Mr. Denmark was first identified in opposition to Defendants' motion for summary judgment. Rather, Plaintiffs argue that the late disclosure of the Denmark Report was substantially justified by what they contend is "stealth" expert testimony given by Prudential Vice President John Gordon during a Rule 30(b)(6) deposition. (Pls.' Br. 1-7.) Plaintiffs further argue that Defendants can cure any prejudice resulting from the late disclosure by deposing Mr. Denmark. (Pls.' Br. 6-8.) Finally, Plaintiffs contend that Denmark will submit an expert report in the state law phase of the case, and that he should thus be permitted to testify as an expert in the FLSA phase as well. (Pls.' Br. 8-10.)

4

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 26(a)(2) provides that parties must disclose their experts and the contents of their reports within the time frame set by the Court. Fed. R. Civ. P. 26(a)(2)(A)-(C). Expert disclosure requirements are meant to ensure the playing field remains level, to afford the opposing party an opportunity to challenge the expert's qualifications and opinions, and to avoid undue prejudice and surprise. See Reed v. Binder, 165 F.R.D. 424, 249 (D.N.J. 1994); see also Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 741 & n.6 (7th Cir. 1998).

Rule 37(c)(1) provides that when a party fails to make the required disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Id. Substantial justification is defined as:

> justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact.

D&D Assoc., Inc. v. N. Plainfield Bd. of Ed., No. 03-1026, 2006 WL 1644742, at *4 (D.N.J. June 8, 2006) (quoting Fitz v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D.N.J. 1997)). A failure to disclose is considered harmless "when there is no prejudice to the party entitled to disclosure." Id.

In evaluating whether a non-disclosure warrants exclusion, the Third Circuit has identified four factors to consider: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure the prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases

in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000). The party who has failed to disclose information bears the burden to show that the non-disclosure was substantially justified or is harmless. See D&D Assoc., 2006 WL 1644742, at *4. Ultimately, whether to exclude evidence is left to the trial court's discretion. See, e.g., Fed. R. Civ. P. 37(c)(1)(A)-(C); Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995) ("[T]he imposition of sanctions under Rule 37 is a matter within the discretion of the trial court.").

**B.      Exclusion of Evidence under Rule 37(c)(1)**

There is no dispute that Plaintiffs failed to disclose Mr. Denmark's testimony and expert report pursuant to Rule 26. The only issue is whether the late disclosure of the Denmark Report warrants exclusion under Rule 37.

**1.      Plaintiffs' Late Disclosure is not "Substantially Justified"**

Exclusion is not warranted if the non-disclosure was "substantially justified." Fed. R. Civ. P. 37(c)(1). Plaintiffs argue that their late disclosure of the Denmark Report is substantially justified because it is necessary to respond to supposed "stealth" expert testimony by Prudential Vice President John Gordon, which is relied upon by Defendants in their summary judgment brief. Defendants counter that Mr. Gordon's testimony is simple first-hand, fact based testimony that Plaintiffs have known about for years, and that Mr. Gordon is not acting as an expert.

In May 2007, Plaintiffs served a Rule 30(b)(6) notice that sought testimony from Prudential regarding "the job functions, duties and responsibilities of sales persons of insurance, securities and other financial products employed by Defendants." (Defs.' Reply Br. 2; Declaration of Christopher H. Lowe ¶ 3 & Ex. B.) In response, Defendants designated Mr. Gordon as an individual with

6

knowledge, and he testified in October 2007.  (Id.)  During his deposition, he testified that "the primary duty of Prudential agents is the sale and solicitation of life insurance or other insurance and financial products."  (Declaration of John Gordon ¶ 9, CM/ECF No. 145-3; see also Gordon Dep. Tr. at 186:8-16, 230:11-16, attached to the Lowe Declaration as Ex. C.)[4]  Plaintiffs contend this is expert testimony, the reliance upon which necessitated the Denmark Report.  The Court disagrees.

First, Mr. Gordon's testimony is not expert testimony.  Mr. Gordon was produced as a fact witness in response to a Rule 30(b)(6) deposition notice.  The testimony that he provided was based upon his own first-hand knowledge as a Vice President at Prudential of the duties of Prudential agents and Prudential's general business operations.

Second, Mr. Gordon's testimony contained in Defendants' moving brief was no surprise; it was given in 2007.  Since that time, Plaintiffs were on notice that Mr. Gordon's testimony was that the primary duties of Prudential agents was to sell insurance.

Third, in January 2008, Mr. Gordon submitted a declaration setting forth the same factual position now claimed to be "stealth" testimony in opposition to Plaintiffs' motion for certification of a collective FLSA action.  Defendants' opposition was based on the same declaration and testimony from Mr. Gordon that Defendants have referenced in this motion --- the same testimony and the same declaration from the same individual.  This was more than 2 years ago, and prior to the extensive period of FLSA related expert discovery.  Plaintiffs never claimed the testimony or declaration was really expert testimony and had more than ample time to raise their concerns and secure a response, if necessary.

---

[4] Following the filing of an amended complaint, Mr. Gordon was produced as a 30(b)(6) witness for the second time in December 2009, both as to compliance issues and other subjects on which he may have first hand knowledge.  (See Defs.' Reply Br. 4; Lowe Declaration Ex. F.)

7

Plaintiffs allowed an extended period of expert discovery to pass without disclosing an expert. There was no surprise here; Plaintiffs were aware of Mr. Gordon's testimony since 2007. Thus, Plaintiffs' late disclosure was not substantially justified.[5]

### 2. Application of the Rule 37 Factors to Plaintiffs' Non-Disclosure

Having concluded that Mr. Denmark was not properly disclosed, the Court will consider the relevant factors to determine whether the Denmark Report and all references to it should be excluded from the summary judgment motion.

#### i. Prejudice or Surprise

There is both. Despite expansive expert discovery in this case, Mr. Denmark was never timely disclosed. His report was not provided until Plaintiffs' opposition to Defendants' motion, and while Defendants were under a deadline to prepare and file their reply brief. The last minute disclosure is unfair to Defendants and to the Court. The tardy disclosure during summary judgment briefing is prejudicial. See, e.g., Frolow v. Wilson Sporting Goods, Co., No. 05-4813, 2008 U.S. Dist. LEXIS 27176, at **36-37 (D.N.J. Mar. 31, 2008) (excluding expert report submitted in opposition to summary judgment motion that violated Court's Scheduling Order).[6]

---

[5] Plaintiffs also argue that the late disclosure is justified because they intend to submit the Denmark Report in the state law phase of the case, and thus, the disclosure is actually *early* because state law discovery is still open. This argument does not work. The case has been phased. Scheduling Orders were entered regarding the FLSA phase and compliance with those Orders is required; the Court does not accept the notion that the entire phased aspect of the proceedings, followed for nearly four years, can be ignored simply because Plaintiffs may attempt to use Mr. Denmark as an expert with respect to the state law claims at some later date.

[6] Plaintiffs argue that exclusion of the Denmark Report is improper because Plaintiffs consider it to be important evidence. (Pls.' Br. 10-11.) However, the mere "importance of the evidence alone is insufficient to overcome Rule 26." Mercedes Benz USA LLC v. Coast Auto. Group, Ltd., No. 99-3121, 2008 WL 4378294, at *5 (D.N.J. Sept. 23, 2008), aff'd 2010 WL 258785 (3d Cir. Jan. 25, 2010).

### ii.  Ability to Cure Prejudice & Delay in Proceedings

Allowing Plaintiffs to rely upon the Denmark Declaration would interfere with the pending motion.  Defendants would be unable to cure such prejudice without expending additional time, resources and money.  See, e.g., Frolow, 2008 U.S. Dist. LEXIS 27176, at **36-37.  It could also require the reopening of expert discovery, perhaps require Defendants to retain an expert and provide additional time for expert depositions, raise the specter of additional briefing, and further delay resolution of the motion and the FLSA phase of the proceedings in this four year old case.  These are legitimate concerns that cannot be reasonably cured without delaying the proceedings.  Such circumstances weigh in favor of exclusion.  See, e.g., Brooks v. Price, 121 Fed. Appx. 961, 965 (3d Cir. 2005); Frolow, 2008 U.S. Dist. LEXIS 271176, at **36-37.

### iii.  Bad Faith

Bad faith is often shown through violation of scheduling orders coupled with unsatisfactory explanations.  See, e.g., Exxon Corp. v. Halcon Shipping, 156 F.R.D. 589, 591 (D.N.J. 1994) (violations of scheduling orders coupled with unsatisfactory explanations may be characterized fairly as bad faith).  The Court's Scheduling Orders were not followed; Plaintiffs were aware of Mr. Gordon's testimony in 2007.  They never argued it was stealth expert testimony until 2010, and only then in response to a pending motion for summary judgment.  Nevertheless, the Court does not believe there is sufficient evidence to support a finding of bad faith.

### iv.  Summary

The filing of the Denmark Report in opposition to the motion at the last minute is precisely the type of surprise that the Federal Rules were designed to prevent.  There is no question that Mr. Denmark's declaration was submitted well after the close of discovery, and the Court finds that there

is no reasonable way to cure the prejudice without reopening discovery, delaying resolution of the motion and the case, and forcing Defendants to incur additional costs. Exclusion is warranted.[7]

## CONCLUSION

For the above stated reasons, Defendants' motion to strike the Denmark Expert Report, and all references to it, is **granted**. An appropriate Order implementing this Opinion will be entered.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

Dated: May 21, 2010

cc: Clerk of the Court
Honorable Dennis M. Cavanaugh, U.S.D.J.
All Counsel of Record (via ECF)
File

---

[7] As the Court has concluded exclusion is proper, there is no need to reach Defendants other substantive objections to the Denmark Report. However, there appear to be other legitimate questions about it. For one, some of Mr. Denmark's proposed testimony borders on net opinion testimony on the ultimate issue in the case. See, e.g., Henry v. Quicken Loans, Inc., No. 04-40346, 2009 U.S. Dist. LEXIS 90126, at *19 (E.D. Mich. Sept. 30, 2009) (excluding, as going to ultimate issue in an FLSA case, expert report that compared plaintiffs' job duties to job duties of exempted employees under the FLSA); Perez v. Radioshack Corp., No. 02-7884, 2005 U.S. Dist. LEXIS 36292, at **9-10 (N.D. Ill. Dec. 13, 2005) (excluding expert report on ultimate issue in FLSA case). For another, Mr. Denmark's qualifications as an expert have not been tested.