**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------------------x

JEFFREY BOUDER, et al., on behalf of themselves,   :    Civil Action No. 2:06-cv-4359
the general public, and all others similarly situated,   :    (DMC)(MF)

                                       Plaintiffs,   :

            - vs -   :

  :

PRUDENTIAL FINANCIAL, INC., THE   :
PRUDENTIAL INSURANCE COMPANY OF   :
AMERICA,[1] et al.,   :

  :

                                   Defendants.   :

------------------------------------------------------------------------x

JIM WANG, individually and on behalf of all others   :
similarly situated,   :

                                       Plaintiffs,   :

            - vs -   :

  :

PRUDENTIAL FINANCIAL, INC., THE   :
PRUDENTIAL INSURANCE COMPANY OF   :
AMERICA,[1] DOES,   :

  :

                                   Defendants.   :

------------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' <u>MOTION FOR RECONSIDERATION</u>

Dated: New York, New York
        June 18, 2010

Of Counsel:

        David Bennet Ross (admitted *pro hac vice*)
        Lorie Almon (admitted *pro hac vice*)
        Christopher H. Lowe

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
Attorneys for Defendants Prudential Financial, Inc.
and The Prudential Insurance Company of America

---

[1] Incorrectly referred to as "Prudential Insurance Co. of America" in the case caption.

Defendants submit this memorandum in opposition to Plaintiffs' motion for reconsideration of this Court's May 21, 2010, Order striking the purported expert report of David M. Denmark (the "Denmark Report").[2]

## PRELIMINARY STATEMENT

Plaintiffs' motion for reconsideration lacks any of the elements which such extraordinary remedy demands and therefore, respectfully, must be denied.  Notably, Plaintiffs do not cite any intervening change in controlling law, any new evidence not available previously, or any need to correct clear error of law or prevent manifest injustice.  Rather, they merely repeat the same argument that the Court has already rejected; namely, that the Scheduling Order for the federal Fair Labor Standards Act ("FLSA") phase of the case should be ignored because they intend to submit the Denmark Report with respect to the state law claims at some later date.  Plaintiffs' hollow claim that "all parties" will be "burdened" if the court does not consider the belated report is based on their tortured speculation that receiving the excluded report now may save the Court from deciding the FLSA claims inconsistently with similar State Law Overtime in the next phase of the case.  This dubious rationale, however, could equally be used to override the Scheduling Order for any post-discovery after-thought and thus defeat "the entire phased aspect of the proceedings, followed for nearly four years."  (Opinion at 8 n.5).  Moreover, Plaintiffs say nothing about the obvious prejudice to Defendants in the admission of the untimely expert report, where, as the Court found, there is "no reasonable way to cure the prejudice without reopening discovery, delaying resolution of the motion and the case, and forcing Defendants to incur additional costs."  (Opinion at 9-10).

---

[2] The procedural background of this case has been set forth in detail in the parties' previous submissions in connection with Defendants' motion to strike the Denmark Report (Dkt No. 182) which the Court granted on May 21, 2010 (Dkt No. 200).

1

## ARGUMENT

### I.      Standard of Review

As this Court has repeatedly held, "reconsideration is an extraordinary remedy [] that is to be granted very sparingly." *In re G-I Holdings, Inc.*, No. 02-CV-3082, 2006 U.S. Dist. LEXIS 87802, at *3 (D.N.J. Dec. 4, 2006) (quotations omitted).[3]  Accordingly, "a party seeking reconsideration must satisfy a high burden, and must 'rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.'" *In re Mercedes-Benz Tele Aid Contract Litig.*, No. 07-CV-2720, 2010 U.S. Dist. LEXIS 23624, at *70 (D.N.J. Mar. 15, 2010) (quoting *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  "Allowing reconsideration motions for lesser causes not only wastes judicial resources, but is also unfair to parties that invest time and effort arguing on the original papers." *Kemco Sales v. Control Papers Co.*, No. 97-CV-1291, 1998 U.S. Dist. LEXIS 22823, at *4 (D.N.J. Nov. 9, 1998), *aff'd*, 208 F.3d 1352 (Fed. Cir. 2000).  Plaintiffs have failed to carry their burden of showing that they are entitled to reconsideration of this Court's order based on the foregoing standard of review.

### II.      Plaintiffs' Motion For Reconsideration Is Wholly Without Merit

In a second attempt to admit the stricken Denmark Report, Plaintiffs argue, once again, that they will seek to introduce the Denmark Report during the state law phase of this action and therefore should be permitted to do so now.  They made the very same argument in their opposition to Defendants' Motion To Strike (*see* Pls.' Opp. at 8) and are precluded from using reconsideration as a tool "'to ask the Court to rethink what it has already thought through.'"

---

[3] Copies of unreported cases cited herein are attached to the accompanying Appendix of Unreported Cases Cited in Defendants' Opposition to Plaintiffs' Motion for Reconsideration.

*Kemco Sales*, 1998 U.S. Dist. LEXIS 22823, at \*3 (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Their latest argument is nothing more than "mere disagreement with [the] court's decision."  *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003).  Whatever Plaintiffs' planned action for the *next* stage may be, such plans are irrelevant for the now-closed phase of the case and do not change the clear fact that Defendants *will* suffer prejudice by the Denmark Report's inclusion in *this* phase.  The Court has already held that Plaintiffs' "last minute disclosure" in the instant phase of the litigation "is unfair to Defendants and to the Court."  (Opinion at 8).

Plaintiffs' newly-cloaked version of their former argument asserts that precluding the expert report will actually *increase* the burden on all parties and decrease the "precedential value" of the Court's Order on the pending motion for summary judgment (Pls.' Recons. Br. at 1, 3); but this new twist is merely a re-argument for the introduction of a late report into the now closed FLSA  phase.  *See, e.g.*, *In re Mercedes-Benz*, 2010 U.S. Dist. LEXIS 23624 at, \*150. ("Allowing [Plaintiffs] to achieve reconsideration by doing what . . . has [been] done here -- essentially, making up new arguments after a judgment has already been made in an effort to challenge a result with which it disagrees – would fundamentally undermine the finality of this Court's rulings and lead to endless re-litigation of settled issues.").

Finally, two aspects of Plaintiffs' argument appear intended for their pre-emptive effect with respect to questions not before the Court and thus offer no basis for reconsideration of the Court's Order.

First, Plaintiffs speculate that should the Court grant Defendants' pending FLSA motions, the Court may yet be more favorably inclined to Plaintiffs' position on similar state law claims after receiving the Denmark Report in phase two.  If such was their concern, Plaintiffs had over

3

two years to contemplate and submit the Denmark Report, but failed to do so.  They similarly

suggest that the Court's ruling on the FLSA motions in phase one may lack "precedential" value

in the next phase, without the Denmark Report, but whatever arguments Plaintiffs may wish to

make in this connection, these are argument for a later time, which Plaintiffs must address

consistent with the Scheduling Order that has long governed this action.

Secondly, Plaintiffs announce their intention to submit the Denmark report with their

Rule 23 Motion for Certification of their State Law claims on July 1, 2010 (Pls.' Recons. Br. at

3-4) notwithstanding that Your Honor's Scheduling Order, dated March 16, 2010, provides as

follows:

> (ii) expert reports on damages, pertaining to the State Law Claims, *or other expert reports related thereto*, shall be submitted simultaneously *on* September 30, 2010 (thirty-days after close of fact discovery on State Law Claims): rebuttal reports thereto by October 29, 2010; and all depositions of experts also completed by October 29, 2010.

(Dkt. No. 160) (emphasis added).  Thus, while arguing, on one hand, that the Court should allow

an untimely report for the first phase of the case, Plaintiffs muddy the waters by simultaneously

proposing to submit their report prematurely in the next phase.  This would again circumvent the

Court's Scheduling Order, jointly submitted, which plainly schedules expert practice by

simultaneous, mutual exchange after the close of fact discovery, not in the middle of it – and not

in the middle of briefing the class certification issues.  Presumably, Plaintiffs raise this now,

rightly anticipating Defendants' opposition to this tactic as well.  In any event, this issue is also

not before the Court in connection with  Plaintiffs' present motion.

In sum, a motion for reconsideration is not a proper mechanism for Plaintiffs to reset the

case management plan with prejudice to Defendants and the Court, or to circumvent the "entire

phased aspect of the proceedings [which has been] followed for nearly four years."  (Opinion at

8 n.5) to which Plaintiffs repeatedly and consistently agreed.

## **CONCLUSION**

Defendants respectfully submit that Plaintiffs' motion for reconsideration is nothing more than a re-argument of their former opposition to Defendants' Motion To Strike and a bald attempt to circumvent this Court's Scheduling Order and the long established phased schedule in this case.  For all of the foregoing reasons, Plaintiffs' motion for reconsideration must be denied in its entirety.[4]

Dated:  New York, New York
        June 18, 2010

                                        SEYFARTH SHAW LLP

                                        By: /s Christopher H. Lowe
                                            David Bennet Ross (admitted *pro hac vice*)
                                            Lorie Almon (admitted *pro hac vice)*
                                            Christopher H. Lowe
                                            620 Eighth Avenue
                                            New York, New York 10018
                                            212-218-5500
                                            Attorneys for Defendants Prudential Financial,
                                            Inc. and The Prudential Insurance Company of
                                            America

---

[4] Prudential reserves all rights and remedies, at a later time, to object or otherwise challenge David M. Denmark and/or the Denmark Report, including, without limitation, challenges pursuant to Fed. R. Civ. P. 26(a)(2), (4) and Fed. R. Evid. 702-705.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2010, I electronically filed the foregoing Defendants'

Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration with the Clerk of

the District Court using the CM/ECF system, which sent notification of such filing to all parties

registered to receive notice via that service.

I further certify that on June 18, 2010, I caused to be served the foregoing document, by

First Class Mail, postage pre-paid, upon the following *pro se* Plaintiffs:

> Danny W. Wilmer
> 1521 Lakecrest Court
> Roanoke, Virginia 24018
>
> Curtis Clark
> 6245 Bristol Parkway #274
> Culver City, CA 90230

> s/ Christopher H. Lowe
> Christopher H. Lowe