UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY BOUDER, et al., on behalf of themselves, the general public, and all others similarly situated,<br>　　　　　　　　　　　Plaintiffs,<br>　　vs.<br>PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE CO. OF AMERICA, et al.,<br>　　　　　　　　　　　Defendants, | Civil Action No. 06-04359 (DMC) (MF)<br><br>ECF Filed<br><br>Returnable July 6, 2010 |
| JIM WANG, individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　Plaintiffs,<br>　　vs.<br>PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE CO. OF AMERICA, et al.<br>　　　　　　　　　　　Defendants, | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF ORDER STRIKING EXPERT REPORT AND PRECLUDING TESTIMONY OF DAVID M. DENMARK**

LOVELL STEWART HALEBIAN
JACOBSON LLP
John Halebian (*pro hac vice*)
jhalebian@lshllp.com
Adam C. Mayes (*pro hac vice*)
amayes@lshllp.com
Midtown Office
317 Madison Avenue, 21st Floor
New York, NY 10017
Tel:　(212) 500-5010
Fax:　(212) 208-6806

Lead Counsel for Plaintiffs

Attorneys for Plaintiffs
[Additional Attorneys for Plaintiffs on signature page]

WINNE, BANTA, HETHERINGTON,
BASRALIAN & KAHN, P.C.
Kenneth K. Lehn (KL 9520)
klehn@winnebanta.com
Court Plaza South, 21 Main Street
Hackensack, NJ 07601
Tel:　(201) 487-3800
Fax:　(201) 487-8529

Liaison Counsel for Plaintiffs

Plaintiffs' motion urges the Court to reconsider its Order striking the Denmark Report because of the unnecessary and disruptive burden that will be imposed on both the parties and the Court if Plaintiffs are precluded from offering significant evidence during the initial, federal phase of the litigation that will be equally material to similar claims set to be addressed in the later, state phase.  Contrary to Defendants, Plaintiffs' argument is not a new one raised for the first time in the instant motion, but concerns facts and arguments previously stated[1] that the Court's Opinion did not address and appears to have overlooked.  The instant motion is therefore proper.  *See, e.g., Yurecko v. Port Auth. Trans-Hudson Corp.,* 279 F.Supp.2d 606, 609 (D.N.J. 2003) (reconsideration motion may address dispositive factual matters presented to but not considered by the court; "[t]he operative word is 'overlooked'."); *cf. Whitfield v. Phelps,* 2009 WL 700239 (D.Del.) (reconsideration motion appropriate where the court misunderstood a party or made error of apprehension).

Defendants' opposition fails to challenge in any way Plaintiffs' explanation of the problems that will be caused by striking the Denmark Report, including in particular the burden imposed on all parties, and the Court, by duplicative motion practice during the state phase of the action on issues that should already have been wholly or partly resolved in the federal phase, and the concomitant possibility of inconsistent decisions on the closely similar overtime claims

---

[1] *See* Pl. Mem. of Law Opp. Def. Mot. to Strike (dkt. #192) at 10, stating:
> It would far *more* disruptive to the proceedings, however, to strike the Denmark Report on procedural grounds as Defendants propose.  Because there is no question that the Denmark Report is timely for purposes of the state phase of this action, excluding it from the federal phase on procedural grounds would elevate form over substance while potentially producing anomalous results on parallel state and federal claims within the same case.

*See also id.* at 1 and 8 (noting Denmark Report is equally relevant in federal and state phases because the overtime claims in both phases are closely similar).

addressed in the two phases. Defendants merely call Plaintiffs' analysis "tortured"—which is no more than an accurate description of the undesirable procedural consequences of the Order that Plaintiffs urge the Court to reconsider. Defendants also unreasonably insist that they will suffer prejudice from having to respond to the Denmark Report in the federal phase, but offer no explanation of how they are prejudiced by something that they will have to do anyway in the state phase of the litigation if not done now.[2]

Accordingly, Plaintiffs respectfully refer the Court back to the arguments for reconsideration advanced in their moving brief. For the reasons set forth therein, the Court should vacate its Order dated May 21, 2010 and instead deny Defendants' motion to strike the Denmark Report and preclude Mr. Denmark's expert testimony.

Dated: June 28, 2010

Respectfully submitted,

**WINNE, BANTA, HETHERINGTON, BASRALIAN & KAHN, P.C.**

 s/Kenneth K. Lehn
Kenneth K. Lehn

*Liaison Counsel*

**LOVELL STEWART HALEBIAN JACOBSON LLP**
John Halebian
Adam C. Mayes

*Lead Counsel*

---

[2] Defendants also indicate that, if Plaintiff's submit Mr. Denmark as an expert in relation to Plaintiffs' forthcoming motion for Rule 23 class certification, Defendants intend to argue that an expert report cannot be submitted or used *ahead* of the scheduled date for expert disclosure. *See* Def. br. 4. While it is difficult to see the basis for such an argument, it is irrelevant to this motion and best left for resolution when and if Defendants actually assert it.

**JERRY K. CIMMET**
cimmet@att.net
Attorney at Law
177 Bovet Road, Suite 600
San Mateo, CA  94402
Telephone: (650) 866-4700
Facsimile: (650) 866-4770

**JOHN M. KELSON**
kelsonlaw@sbcglobal.net
LAW OFFICES OF JOHN M. KELSON
1999 Harrison Street, Suite 700
Oakland, CA  94612
Telephone: (510) 465-1326
Facsimile: (510) 465-0871

**BARROWAY TOPAZ KESSLER**
**MELTZER & CHECK, LLP**
Peter A. Muhic
pmuhic@btkmc.com
Michelle A. Coccagna
mcoccagna@btkmc.com
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiffs*