**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY BOUDER, *et al.*, | Civil Action No. 06-4359 (DMC) |
| Plaintiffs, | |
| v. | |
| PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *et al.*, | OPINION |
| Defendants. | |

**FALK, U.S.M.J.**

Before the Court is Plaintiffs' motion asking this Court to reconsider its May 21, 2010 Opinion striking the expert report and testimony of David M. Denmark submitted by Plaintiffs in opposition to Defendants' pending motion for summary judgment. [CM/ECF No. 203.] Defendants have opposed the motion. [CM/ECF No. 206.] Oral argument was not heard. Fed. R. Civ. P. 78(b). For the reasons that follow, Plaintiffs' motion is **denied**.

**BACKGROUND**

This is a collective action for overtime premium pay brought by current and former Prudential insurance agents pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"). In addition to the collective action, this case is also comprised of a number of

putative Rule 23 sub-class actions brought pursuant to the labor laws of thirteen states.[1]  The case has been scheduled in phases.  The FLSA claims have proceeded first; the state law claims are to follow.  The Court entered five scheduling orders relating to discovery in the FLSA phase, and discovery is now closed.  Almost two years of expert discovery was permitted.

On February 15, 2010, Defendants filed a motion for summary judgment in connection with Plaintiffs' claims under the FLSA.  In opposition to the motion, Plaintiffs submitted an expert report from a putative expert, David M. Denmark ("the Denmark Report").  The Denmark Report was submitted without disclosing Mr. Denmark as an expert or previously providing his report; without complying with the expert disclosure requirements of Rule 26; and in violation of a multitude of scheduling orders.  In response, on April 23, 2010, Defendants moved to strike the expert report on a number of bases, including that Mr. Denmark was never disclosed as an expert, that he did not qualify as an expert, and that the late submission was in violation of the Court's Scheduling Orders and prejudicial.

On May 21, 2010, this Court granted the motion to strike.  On June 4, 2010, a motion for reconsideration was filed.  Defendants have opposed the motion.[2]

---

[1] A more fulsome description of the history of the case, including the underlying facts and allegations, can be found in the many Opinions previously issued.  See, e.g., Bouder v. Prudential Ins. Co., No. 06-4359, 2010 WL 2026707 (D.N.J. May 21, 2010); Bouder v. Prudential Ins. Co., No. 06-4359, 2009 WL 4576056 (D.N.J. Dec. 2, 2009); Bouder v. Prudential Ins. Co., No. 06-4359, 2008 WL 7898281 (D.N.J. Mar. 27, 2008); Bouder v. Prudential Ins. Co., No. 06-4359, 2007 WL 3396303 (D.N.J. Nov. 8, 2007).

[2] Plaintiffs have filed an impermissible reply.  See L. Civ. R. 7.1(d)(3) (precluding reply briefs on motions for reconsideration unless ordered by the Court). Nevertheless, for matters of completeness, the reply brief has been considered.

## STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 7.1(i).  Reconsideration is an "extraordinary remedy" and is granted "very sparingly."  N.L. Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Because the burden on the moving party is very high, a motion for reconsideration will be granted only if: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact, or prevent manifest injustice."  Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before the original decision was rendered.  See Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  In other words, a motion for reconsideration is not an mechanism to "ask the Court to rethink what it ha[s] already thought through."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).  A court "must deny a motion that simply 'rehashes the claims already considered.'"  Eye Laser Care Center, LLC v. MDTV Medical News Now, Inc., No. 07-4788, 2010 WL 2342579, at *1 (D.N.J. June 7, 2010) (quoting Russell v. Levi, No. 06-2643, 2006 WL 2355476, at *2 (D.N.J. Aug. 15, 2006)).

## DISCUSSION

In arguing for reconsideration, Plaintiffs do not argue that a change in intervening law has occurred; that evidence not previously available has suddenly become available; or that there has been a clear error of law or fact.  Nor do Plaintiffs dispute that this case has been pending for four years, or that Mr. Denmark's report was not disclosed during the lengthy expert discovery

period  In other words, Plaintiffs do not challenge the legal basis upon which the Court excluded Mr. Denmark's report and testimony.  For that reason alone, the motion could be denied.  See, e.g., Eye Laser Care Center, 2010 WL 2342579, at *2; Kant v. Seton Hall University, No. 00-5204, 2010 WL 1379688, at *1 (D.N.J. Mar. 30, 2010); Kennedy Indus., Inc. v. Aparo, No. 04-5967, 2006 U.S. Dist. LEXIS 46075, at *1 (E.D. Pa. July 6, 2006) ("A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one.").

      The only argument advanced in support of the motion is that Plaintiffs intend to use Mr. Denmark as an expert in the later scheduled state law phase of the case and that the "procedural consequences" of excluding the report and testimony from the FLSA phase are problematic.  They argue that because Mr. Denmark's report and testimony may be admissible in the state law phase, it should also be admissible in the federal phase to ensure consistent decisions.  According to Plaintiffs, efficient case management and convenience to the Court warrant reconsideration.

      The Court did not overlook Plaintiffs' argument in its Opinion striking Mr. Denmark's report and testimony.  Plaintiffs' desire to have Mr. Denmark's testimony available for the state law phase and the procedural consequences of excluding it in the FLSA phase were known and addressed in the Opinion.  Plaintiffs' intentions with respect to the state phase do not justify their reliance upon an undisclosed expert in the FLSA phase.  As the Opinion stated:

> Plaintiffs also argue that the late disclosure is justified because they intend to submit the Denmark Report in the state law phase of the case, and thus, the disclosure is actually *early* because state law discovery is still open.  This argument does not work.  The case has been phased. Scheduling Orders were entered regarding the FLSA phase and compliance with those Orders is required; the Court does not accept the notion that the entire phased aspect of

>          the proceedings, followed for nearly four years, can be ignored
>          simply because Plaintiffs may attempt to use Mr. Denmark as an
>          expert with respect to the state law claims at some later date.

(Opinion of Magistrate Judge Mark Falk, dated May 27, 2010, at 8 n.5.)

As explained in the Opinion on the motion to strike, Plaintiffs had nearly two years to designate an expert during the FLSA phase and did not. There are ramifications for that decision that should not be disregarded based on assumptions about the evaluation of other motions and general statements regarding convenience.

Moreover, while the Court understands Plaintiffs' desire for perceived efficiency, compliance with previous Orders is of paramount importance to the orderly progress and ultimate resolution of the case. Plaintiffs have brought this complex, multi-faceted action in federal court and have agreed to phase the case. The potential problems with the decision to so structure the case was repeatedly discussed at conferences with the Court. Plaintiffs cannot now complain about the phased nature of the proceedings and the procedural consequences that flow therefrom. Plaintiffs' procedural concerns do not support reconsideration. See, e.g., Kennedy Indus., 2006 U.S. Dist. LEXIS 46075, at *1.

**CONCLUSION**

For the above stated reasons, Plaintiffs have completely failed to carry the burden imposed by Local Civil Rule 7.1(i).  Therefore, Plaintiffs' motion for reconsideration is **denied**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

Dated: July 21, 2010

cc:    Clerk of the Court
       Honorable Dennis M. Cavanaugh, U.S.D.J.
       All Counsel of Record (*via* ECF)
       File