UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x

JEFFREY BOUDER, et al., on behalf of themselves, the general public, and all others similarly situated,

                        Plaintiffs,

    - vs -

PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,[1] et al.,

                        Defendants.

Civil Action No. 2:06-cv-4359 (CCC) (MF)

**JUDGMENT AND ORDER OF DISMISSAL**

-----------------------------------------------------------x

JIM WANG, individually and on behalf of all others similarly situated,

                        Plaintiffs,

    - vs -

PRUDENTIAL FINANCIAL, INC., THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,[1] DOES,

                        Defendants.

-----------------------------------------------------------x

      This matter came on for hearing in the above-captioned action (the "Action") upon the joint application of the Named Plaintiffs and Defendants Prudential Financial, Inc. and The Prudential Insurance Company of America ("Defendants" or "Prudential") (collectively the "Parties") for approval of the settlement as set forth in the Settlement Agreement and Release Regarding Class

---

[1] Incorrectly referred to as "Prudential Insurance Co. of America" in the case caption.

1

and Collective Action and Individual Claims (the "Agreement"). Due and adequate notice having been given to Notice Recipients, and the Court having considered the Agreement, all papers and proceedings filed herein and all oral and written comments received regarding the proposed settlement, and the Court having reviewed the record in this Action, and finding there to be good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Judgment and Order of Dismissal ("Judgment") adopts and incorporates all defined terms set forth in the Agreement that is filed in this Action.

2. The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, who, as to some of them, are class representatives, other Class Members, and all other Participating Claimants, including Non-Deduction Wage Claimants and Opt-In Plaintiffs, and the Defendants.

3. The distribution of the Notice of a Class and Collective Action Settlement as provided for in the Order Granting Preliminary Approval of the Settlement and Order Regarding Approval of Notice, constituted the best notice practicable under the circumstances to Notice Recipients, and fully met the requirements of due process under the United States Constitution and applicable state and federal law. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the Court finds the actual notice to the Notice Recipients was adequate.

4. Solely for purposes of effectuating this Settlement, this Court has certified the Deductions Class and the Court deems the Deductions Class sufficient for purposes of due process and Rule 23, F.R.C.P.

5. With respect to the Deductions Class and for purposes of approving this Settlement, this Court finds and concludes that for settlement purposes only:

(a) the members of the Deductions Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to each member of the Deductions Class, and there is a well-defined community of interest among members of each Deductions Class Member with respect to the subject matter of the Action; (c) the claims of those Named Plaintiffs who are serving as class representatives of the Deduction Classes are typical of the claims of the Deductions Class Members in the Settling States represented by each such Named Plaintiff; (d) the Named Plaintiffs who are serving as class representatives have fairly and adequately protected the interests of the members of the Deductions Class Members in the Settling States represented by each such Named Plaintiff; (e) a class action is superior to other available methods for an efficient adjudication of this Action; and (f) Class Counsel, previously appointed by the Court in the Court's Opinion & Order filed herein on February 26, 2015 (ECF No. 320), are qualified to serve as counsel for the Named Plaintiffs as Class Representatives and as counsel for the Settlement Classes.

6. The Court further finds that the Settlement is fair, reasonable, adequate, and in the best interests of all Settling Plaintiffs in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims. The Court finds that the consideration to be paid to Settling Plaintiffs is reasonable, considering the facts, and circumstances of the numerous types of claims and separate and affirmative defenses in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

8. The Court finds in favor of final approval of the Settlement and

hereby approves the Settlement, as set forth in the Agreement, and each of the releases and Released Claims therein and all other terms, as fair, just, reasonable and adequate as to the Parties and Settling Plaintiffs. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

9. Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement, all of the Released Claims (including unknown claims) are hereby dismissed with prejudice as to all Settling Plaintiffs. In addition, any and all counterclaims asserted by Defendants against the Named Plaintiffs are dismissed with prejudice, and by this Judgment Prudential releases Class Counsel and the Named Plaintiffs from any and all claims, rights, demands and actions of any and every kind whether known or unknown to Prudential that could have been brought as counterclaims in this Action, including, but not limited to claims of malicious prosecution.

10. As set forth in the Agreement, Prudential shall not take any adverse action against any Named Plaintiff in retaliation for acting as a Named Plaintiff or against any other Participating Claimant for being a Participating Class Member, to the extent that any such claims are based on events that occur or occurred after September 15, 2006 or, in the case of Named Plaintiffs, based on events that occur or occurred after the Named Plaintiffs execute this Settlement Agreement.

11. The Action is dismissed in its entirety with prejudice, including the conditionally certified collective action, except that the Court dismisses, without prejudice, the claims of all Opt-In Plaintiffs who have not become Participating Claimants.

12. The Parties are to bear their own costs, except as otherwise provided in the Agreement and in this Judgment.

13. The only Notice Recipients entitled to payment pursuant to this

Judgment are Participating Claimants. Neither the Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

14. Prudential has agreed, subject to approval by the Court, not to oppose an award to Class Counsel for their reasonable attorneys' fees up to one-third ($33^{1/3}$%) of the Gross Settlement Amount as well as reasonable litigation costs incurred in this Action. Prudential has also agreed, subject to approval by the Court, not to oppose an award of Enhancement Payments to the Named Plaintiffs to reimburse them for their unique services as Named Plaintiffs in the gross amount of up to $15,000.00 for each Named Plaintiff, or in the gross amount of up to $7,500.00 in the case of Edward Lennon, and has further agreed not to oppose payment of an Incentive Award of up to $250.00 to each Named Plaintiff who opted into the FLSA collective action and to each Opt-In Plaintiff who becomes a Participating Claimant.

15. The Court finds Class Counsel's request for fees and costs is fair and reasonable and accordingly awards Class Counsel attorneys' fees in the sum of $4,166,666.67 and litigation costs of $178,923.16, to be paid out of the Gross Settlement Amount. The Claims Administrator is therefore directed to make such payments to Class Counsel, jointly, in accordance with the terms of the Agreement, and to make payments of the Enhancement Awards in the amount of $15,000.00 to each Named Plaintiff, except for Edward Lennon who is hereby awarded an Enhancement Award of $7,500.00, out of the Gross Settlement Amount. The Claims Administrator is further directed to make payments of the Incentive Awards of $250.00 to each Named Plaintiff who opted into the FLSA collective action and to each Opt-In Plaintiff who has become a Participating Claimant.

16. The Court finds that the request for payment of the incurred and anticipated costs of the Claims Administrator, Garden City Group, LLC, in the amount of $188,000.00, is reasonable and is approved.

17. The Claims Administrator is directed to distribute the enhancement and incentive awards and the Net Settlement Amount to the Named Plaintiffs, Opt-In Plaintiffs, Edward Lennon and Participating Claimants in accordance with the terms of the Agreement.

18. Without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over the Action, Named Plaintiffs, Class Counsel, Prudential and its attorneys and all Settling Plaintiffs for the limited purposes of: (i) resolving any issues relating to enforcement or interpretation of this Agreement including any and all issues relating to payment of administration costs, litigation costs, attorneys' fees and/or distributions to Participating Claimants, and (ii) to select a charity or non-profit organization pursuant to Section V, Paragraph 14, of the Agreement, if necessary. The Court shall not retain jurisdiction of this Action for any other reason or purpose.

19. All Settling Plaintiffs are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, as a named plaintiff, as a class or collective action member or putative class or collective action member, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state or federal court or in any agency or in any other form or forum wherever located, any of the Released Claims against Defendants or Releasees.

20. The terms of the Settlement Agreement are fully incorporated by reference into this Order.

21. This document shall constitute a Judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58; and

IT IS SO ORDERED.

The Court directs the Clerk to close this matter.

DATED: December 11, 2017

                                                The Honorable Claire C. Cecchi
United States District Court Judge

## EXHIBIT A

## VALIDLY AND TIMELY REQUESTED
## EXCLUSIONS FROM THE SETTLEMENT

1. Lisa Austin
2. Christine Pagliero
3. Robert W. Jungles